RECEIVED

2005 MAY 23 ℗ 2: 22

DEBRA P. HACKETT CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HAL S. MCCLAMMA, JR. 11386-017
Federal Prison Camp Montgomery
Montgomery, AL 36112,
                Petitioner,

v.

                             CASE NO.: 2:05 CV 482-T

SCOTT A. MIDDLEBROOKS, Warden
and
THE ATTORNEY GENERAL OF THE UNITED STATES,
                Respondents.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PETITION FOR A WRIT OF HABEUS CORPUS
BY A PERSON IN FEDERAL CUSTODY (§ 2241)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

      COMES NOW your Petitioner under the provisions of 28 USC § 2241,

et. seq. and asserts that he has no other effective remedy by which he may

contest the illegality of his detention in the custody of the Bureau of

Prisons.

      1. This petition concerns the refusal of the Bureau of Prisons to

grant the Petitioner redesignation to a halfway house or to home confinement

for the last 10% or 6 months of his term of imprisonment under the mandate of

18 USC § 3624(c).

      2. As to the Petitioner's present incarceration:

            (a) Name and location of court:

                  United States District Court for the Northern District
                  of Florida, Tallahassee Division

United States Courthouse
111 North Adams Street
Tallahassee, Fl. 32301

(b) Case numbers: 4:99CR73; 4:00CR3

(c) 4:99CR73, Counts 4, 20 — Mail Fraud
            Counts 7, 10, 13, 18 — False Statement to Financial
                                    Institution
    4:00CR3,  Count 1 — Mail Fraud

(d) The conviction followed a plea of guilty to the above enumer-
    ated seven (7) counts.

(e) The sentence was appealed to the Court of Appeals for the
    Eleventh Circuit
    Result: Appeal was voluntarily dismissed.

3. Petitioner is not currently represented by counsel in this Petition
or in the underlying cases in 2. (c) above.

4. Your Petitioner asserts he is being unlawfully denied his request
for redesignation to a halfway house or home confinement for the last 10% or
6 months of his term of imprisonment and as grounds would say:

(a) GROUND ONE: McClamma is being denied a furlough and designation
to a halfway house (CCC) or home confinement during the last 10% or 6 months of
his term of imprisonment because of void state detainer. This detainer is in-
sufficient on its face and between its four corners.

SUPPORTING FACTS: The State of Florida, Department of Corrections
provided the Federal Bureau of Prisons (BOP) with copies of a Commitment to
Custody of Department of Corrections that asserted, inter alia, that McClamma
had "been duly convicted and adjudged guilty of and <u>sentenced</u> for said offense
...as appears from the attached certified copies of...Judgment and Sentence
... ." A review of the Judgment and Sentence sent to the BOP and attached
hereto shows: "Restitution to Mrs. Beckham, reserve jurisdiction to enter
amount." The aforesaid Commitment and the Judgment and Sentence were executed
on September 20, 2002. Two and one half (2½) years later there has been no

hearing to "enter amount." The court has not completed its judicial labors.
Restitution is punitive in nature, an integral part of the judicial criminal
sentencing process and an extremely important part of this State case.
McClamma does not yet have a "final," "certain" and appealable sentence. It
has been ruled before that a decision awarding but not quantifying damages
is not normally final. In his Plea dialogue McClamma reserved the right to
contest restitution figures on appeal.

All of the above facts are available to the BOP and have been presented
to them in pursuance of an administrative remedy. It is absolutely unnecessary
to resort to any extrinsic evidence to reach a conclusion favorable to McClamma.

(b) GROUND TWO: The State detainer fails, as a matter of law, in that
the only statutory authority  for a detainer, federal or state, is found in the
Interstate Agreement on Detainers which applies only to pending, untried indict-
ments, informations and complaints. McClamma has, by his plea, removed himself
from the unplead, untried category.

SUPPORTING FACTS: **18 USC App2** contains the only statutory reference
to detainers. It is a "speedy trial" enactment to force the demanding juris-
diction to "put up or shut up!" In Program Statements 5100.07 and 5130.05 the
Department of Justice (BOP) has attempted to "legislate" a program favorable
to law enforcement that has absolutely no Constitutional or statutory auth-
orization. It has been held that the Interstate Agreement pre-empts the field
and replaces all other non-judicial means of obtaining a prisoner. . The State
of Florida has adopted the Agreement (FSA 941.45 - 941.50). A detainer is pun-
itive in nature and is part of the criminal justice system. Even when properly
filed under authorizing law, it may well result in prejudice to an inmate -
affecting custody level, early release, furlough, educational opportunities,
etc. It may be filed groundlessly, in bad faith, the accusation need not be

proved and no judicial officer is involved. This so called detainer from the

State of Florida can be, at most, a request that the State be notified before

McClamma is released from his federal term of imprisonment, which under app-

licable law can be completed in a halfway house or home confinement. The

State can be notified just as well if he is in Alachua, Florida as in

Montgomery, Alabama.

All of the above facts are available to the BOP and have been

presented to them in pursuance of an administrative remedy. It is absolutely

unnecessary to resort to any extrinsic evidence to reach a conclusion favor-

able to McClamma.

(c) GROUND THREE: The Bureau of Prisons has the authority to desig-

nate an inmate who is otherwise qualified to a halfway house or to home con-

finement at any time during his period of incarceration – his term of imprison-

ment.

SUPPORTING FACTS: **28 USC §524.14** says the existence of a detainer,

by itself, ordinarily does <u>not</u> affect an inmate's <u>program</u>. An exception may

be where custody level is involved. McClamma's most recent <u>Program</u> Review

Report shows he has the least confining, lowest custody level available in the

federal system – Community Custody (since May, 2001). This same <u>Program</u> Review

Report shows he has been, in all respects, an exemplary inmate. This same

<u>Program</u> Review Report also shows that he is being denied a furlough, halfway

house (CCC) and home confinement <u>only</u> and <u>soley</u> because of this so called

State of Florida detainer. The Constitution trumps a statute, a statute trumps

a Federal Regulation and a Federal regulation trumps a Program Statement.

How then can a statute applying only to pending, untried charges be trans-

lated into a broadened and extended BOP policy denying this inmate, who has

no pending, untried charges, what he is "otherwise qualified" to receive. The applicable Federal Regulation (**28 CFR §524.14**) says the existence of a detainer itself does not ordinarily affect an inmate's program except as to custody. McClamma has and has had for the last four years Community Custody. Obviously the detainer has not affected his custody and yet he is denied, as a part of his Program, what every other inmate without a detainer and with Community Custody gets – a furlough, halfway house or home confinement. The courts have held that, after imposition of sentence, designation to a halfway house or to home confinement does constitute all or part of a term of imprisonment. While such redesignation is discretionary with the BOP, the exercise of its discretion must be fair and even handed lest equal protection issues rear their ugly heads.

All of the above facts are available to the BOP and have been presented to them in pursuance of administrative remdy. It is absolutely unnecessary to resort to any extrinsic evidence to reach a conclusion favorable to McClamma.

5. JURISDICTION OF COURT

A paragraph in one of the "suggested § 2241 Forms" asks the Petitioner to "Explain in the space below why your remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of your detention": Put another way, what is the jurisdiction of this court to entertain your § 2241 Petition?

Jurisdiction is found in **28 USC §§ 1331, 2241, and 2243.**

The Petitioner is being held in custody of the Respondent Warden and the Attorney General by the Bureau of Prisons in Montgomery County, Alabama, within the territorial jurisdiction of this court, under color of the authority of the United States.

McClamma does not, by this Petition, challenge the imposition of his federal sentence. He, rather, challenges its execution by the BOP. He strongly asserts that the BOP is in error in denying him a furlough, home confinement or halfway house. Such error arises from a faulty understanding of the law relating to detainers and a failure to be cognizant of the invalid effort of the State of Florida to "lodge a detainer" against this Petitioner. All of this is apparent from a reading of the law and an examination of the documents furnished by the State of Florida to the BOP. There is no need to resort to extrinsic evidence in reaching the inescapable conclusion that the BOP is wrong.

**§ 2241 of Title 28** has long been recognized as the basis for challenging the "execution" of a sentence of a person in federal custody. Custody has been defined as "restraints on a persons liberty that are not shared by the public generally." **Jones v. Cunningham** (1963) 371 US 236, 9 J..Ed 2d 285, 83 S.Ct. 373, 92 AJ.R2d 675.

**Peyton v. Rowe**, 391 US 54, 20 J..Ed 2d 426, 88 S.Ct. 1549, proposes that McClamma has an absolute right to "require his jailer to justify the detention under the law." **Peyton**, id, allowed the challenge of a state sentence not yet being served. McClamma's Petition is even simpler than that. It challenges the present restraint on his liberty occasioned by a state sentence invalid on its face and a detainer that is contrary to law.

**Braden v. Judicial Circuit Court of Kentucky**, 410 US 484, 35 J..Ed 2d 443, 93 S.Ct. 1123 notes that the writ is "directed to, and served upon, not the person confined, but his jailer." The "State holding the prisoner in immediate confinement acts as agent for the demanding state, and the custodian State is presumably indifferent to the resolution of the prisoner's attack on

the detainer." (As agent, the BOP should not be allowed to do what the demanding State could not do. It should not allow itself to be used as an instrumentality of error.)

McClamma says to his custodian, "all you have to do is read the documents sent to you by the State of Florida, note their insufficiency on their face, take note that they are without the realm of statutory authority and, finally, since there is no lawful impediment to McClamma's redesignation to a halfway house or home confinement, see that it is accomplished."

To sum up the jurisdiction of this court "Because a federal prisoner cannot challenge the **execution** of his sentence by a motion under § 2255, he or she must resort to section 2241 petition to do so." (emphasis supplied **Cook v. New York State Div. of Parole**, 371 F.2d 274, 278 (2d Cir. 2003)

Exhaustion of remedy is not jurisdictional and will be subsequently addressed.

6. EXHAUSTION OF ADMINISTRATIVE REMEDY

On February 17, 2005, McClamma met with his Unit Team for a Program Review. He requested a furlough to be with his wife during serious surgery and to be redesignated to a halfway house or home confinement at his 10% or 6 month date. The Program Review Report said, as to each request, "not eligible" or "denied" due to State detainer."

On April 28, 2005, McClamma filed an Informal Resolution Form requesting he be redesignated to a halfway house or home confinement at or near his 10% - 6 month date. He attached an exhaustive Memorandum of Fact and Law (attached to this Petition). On May 2, 2005, Counselor Pierce and Unit Manager Stephens denied his request based on Program Statement 5280.08, Furloughs, February 4, 1998, Section 10, LIMITATIONS OF ELIGIBILITY 570.35. Paragraph f, states that the Warden may not ordinarily grant a furlough to an inmate with a detainer. The denial further recited the fact of the State detainer and concluded: "Therefore, since you do not meet the prescribed criteria for furloughs, your request cannot be granted at this time."

This response failed entirely to respond to the request for redesignation to a halfway house or home confinement.

McClamma then filed a BP-9 Request for Administrative Remedy addressed to the Warden. It was receipted by the Warden on May 6, 2005 and given Case # 375389-F1 (Ex I -1)

On May 13, 2005, the Warden provided a response to McClamma's request and said: "Accordingly your request for relief is denied." (Ex I - 2)

As in the denial of the BP - 8½ Informal Request, **Program Statement 5280.08**, Furloughs was cited as the reason for denial. The Warden's denial also cited **Program Statement 7310.04** as the basis for not approving the redesignation to halfway house or home confinement.

None of these responses addresses whatsoever the issues raised by this Petitioner that the State's attempt to lodge a detainer fails on the face of the instruments provided and also, in consideration of the **Interstate Agreement on Detainers.**

Formal review of the Unit Team's response to a request for administrative remedy is made available through the Bureau's three step administrative remedy program. See **28 C.F.R. §§ 542.10 – 542.15.** As outlined above, McClamma did initiate an administrative appeal; the first and second steps have already been denied. Therefore, utilization of that remedial mechanism, which is the only one available, is and will be futile, for two reasons.

a. First, exhaustion requires the inmate to appeal to the Warden, then the Regional Director, and finally to the BOP's General Counsel. The time this will take is, without question, longer than McClamma has left in prison.

b. Second, in relying upon the Program Statements cited, the BOP demonstrates a reliance on a fixed, national policy. While McClamma contends this policy is either wrong or doesn't apply to him, there is no likelihood he will receive anything but a rejection all the way to the top.

c. The Prisoner Litigation Reform Act, including its provision at **42 USC § 1997e(a)** for exhaustion of administrative remedies, does not apply to federal prisoner's habeus corpus actions such as this one. Accordingly, general principles of habeus corpus law do not require that McClamma exhaust administrative remedies, as none are actually available to him, nor does any statute so provide.

**Guitard v. United States Secretary of the Navy,** 967 F.2d 737, 741 (2d Cir. 1991)(citing **Von Hoffburg v. Alexander,** 615 F.2d 633, 638 (5th Cir. 1980) has this to say about exhaustion:

Failure to exhaust may be excused when any of the following circumstances apply:

> 1. available remedies provide no "genuine opportunity for adequate relief;
> 2. irreparable injury may occur without immediate judicial relief;
> 3. admentrative appeal would be "futile";
> 4. and in certain instances [when] a plaintiff has raised a "substantial constitutional question."

In any event the exhaustion requirement is prudential, not statutory, unlike habeus corpus petitions filed pursuant to **28 USC § 2254**. See **Arango Marquez v. I.N.S.**, 346 F.3d 892,897 (9th Cir. 2003). Therefore, McClamma's failure to exhaust may be excused at the court's discretion. The exhaustion of administrative remedies would be futile given that the subordinate relation of the highest level of administrative appeal would not be able to modify the Program Statements involved here.

Finally, a review of the statutes cited as authority for **Part 542 28 CFR Administrative Remedy** fails to disclose that any of them speak to the subject of administrative remedy. **5 USC §301, 18 USC §§ 3621, 3622, 3624, 4001, 4042, 4081, 4082, 28 USC §§509, 510.**

**WHEREFORE,** based on the grounds raised above, Petitioner prays that the court will grant the following relief:

1. Accept jurisdiction of this Petitioner's case and find:

2. The purported detainer is, on its face, invalid and void ab initio, and/or

3. Congress has pre-empted the field with the **Interstate Agreement on Detainers**, a statutory speedy trial measure that applies only to pending "untried indictments, informations or complaints, and

4. McClamma's case does not involve a pending "untried indictment, information

or complaint, thus the **Interstate Agreement** does not apply and there is no

other statutory provision for lodging detainers and the effort by the State

of Florida to "lodge a detainer" must fail, and

5. Because of his custody level, notwithstanding the attempted detainer, this

Petitioner/inmate is "otherwise qualified" to be immediately redesignated

to a halfway house or to home confinement to complete his federal term of

imprisonment, and

6. That any failure to redesignate this inmate Petitioner, based on his Program

Review Report, would be arbitrary, capricious and would be to deny him equal

protection of the law and subject the Warden and Bureau of Prisons/Department

of Justice to immediate sanctions in the form of mandamus, injunctive or

other extraordinary relief for Petitioner, and

7. Because this Petitioner's "good time out date" is October 21, 2005, any

unwarranted delay in responding to this court's order would subject the Respondent

to sanctions — time being of the essence.

8. Such other relief as may be appropriate

## DECLARATION

I declare under penalty of perjury that I have read the above
and state that the information contained therein is true and correct to the
best of my knowledge.

Executed this 20 day of May, 2005 at Federal Prison Camp Montgomery,
Montgomery, AL 36112.

**HAJ. S. MCCLAMMA**
**Petitioner**

**Federal Prison Camp Montgomery**
**Montgomery, AL 36112**
**In Proper Person**