MON30                          **PROGRAM REVIEW REPORT**                          02-18-2005
PAGE 001                                                                          14:07:53

INSTITUTION: MON   MONTGOMERY FPC

NAME.......: MCCLAMMA, HAL SAXON                    REG. NO: 11386-017
RESIDENCE..: ALACHUA, FL 32615

TYPE OF REVIEW......: ~~INITIAL CLASSIFICATION~~ (PROGRAM REVIEW)
NEXT REVIEW DATE....: 5/14/05

PROJ. RELEASE DATE..: 10-21-2005          RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE                HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: 3/2006       DETAINERS (Y/N): Y

CIM STATUS (Y/N)....: N            IF YES, RECONCILED (Y/N): _____

PENDING CHARGES.....: State Detainer

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....: N
    IF YES - CIRCLE ONE - ~~DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE~~

| CATEGORY | - - - - - | - - CURRENT ASSIGNMENT - - - - - - - | EFF DATE | TIME |
|----------|-----------|--------------------------------------|----------|------|
| CMA | PROG RPT | NEXT PROGRESS REPORT DUE DATE | 11-15-2006 | 0909 |
| CMA | RPP PART | RELEASE PREP PGM PARTICIPATES | 05-21-2001 | 0815 |
| CMA | V94 COB913 | V94 CURR OTHER BEFORE 91394 | 08-25-2004 | 1518 |
| CUS | COM | COMMUNITY CUSTODY | 05-21-2001 | 0815 |
| DRG | DRG I NONE | NO DRUG INTERVIEW REQUIRED | 11-03-2000 | 1611 |
| EDI | ESL HAS | ENGLISH PROFICIENT | 11-08-2000 | 1905 |
| EDI | GED HAS | COMPLETED GED OR HS DIPLOMA | 11-16-2000 | 1804 |
| FRP | PART | FINANC RESP-PARTICIPATES | 12-02-2003 | 0843 |
| LEV | MINIMUM | SECURITY CLASSIFICAT'N MINIMUM | 10-17-2000 | 1039 |
| MDS | REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 11-03-2000 | 0001 |
| MDS | YES F/S | CLEARED FOR FOOD SERVICE | 11-03-2000 | 0001 |
| QTR | O01-023L | HOUSE O/RANGE 01/BED 023L | 02-07-2005 | 1550 |
| RLG | PROTESTANT | PROTESTANT | 11-30-2000 | 1831 |
| WRK | C09 MECH | CONSTRUCTION | 02-09-2005 | 0001 |

WORK PERFORMANCE RATING: Outstanding

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: Has Clean Conduct

FRP PLAN/PROGRESS: Part/6 mos = NRa pays $2200 a month

RELEASE PREPARATION PARTICIPATION: RPP Part/No activity

CCC RECOMMENDATION: Not Eligible due to detainer

Ex A-1

02-18-2005
14:07:53

## PROGRAM REVIEW REPORT

MON30
PAGE 002 OF 002

PROGRESS MADE SINCE LAST REVIEW: *He walked 5 days a week and*

*read one hour daily.*

GOALS FOR NEXT PROGRAM REVIEW MEETING:

1) *Walk 5 days a week*
2) *Write wife 4 times a week*

LONG TERM GOALS:

3) *Complete RPP Seminar by 6/05*

OTHER INMATE REQUESTS/TEAM ACTIONS: *Request Home Confinement /*
*CCC placement / Denied due to detainer.*

*Request furlough for wife singing / Denied due to State*
*detainer.*

*Reviewed 407-408*

SIGNATURES:

UNIT MANAGER: *M Clements*
DATE: *2/17/05*

INMATE: *[signature]*
DATE: *2/17/05*

*Ex A - 2*

BP-S394.058  **DETAINER ACTION LETTER**   CDFRM
FEB 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| To: Florida Department of Corrections<br>Central Records<br>2601 Blair Stone Rd.<br>Tallahassee, FL 32399 | Institution<br>FPC Montgomery, AL |
|---|---|
| | Date<br>12Feb03 |

| Re:<br>Detainer | Inmate's Name<br>McCLAMMA, Hal | Register No.<br>11386-017 |
|---|---|---|

W/M   DoB 01-09-1934   SSN 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 FDC # N10154

The below checked paragraph relates to the above named inmate:

☐     This office is in receipt of the following report:_____
_____ . Will you please investigate this
report and advise what disposition, if any, has been made of the case. If subject is wanted by
your department and you wish a detainer placed, it will be necessary for you to forward a
certified copy of your warrant to us along with a cover letter stating your desire to have it
lodged as a detainer, or indicate you have no further interest in subject.

☑     A detainer has been filed against this subject in your favor charging <u>Service of 3 year state</u>
<u>sentence for Grand Theft to run consecutive to federal sentence</u> . Release is tentatively
scheduled for <u>Unknown due to being in civil contempt of federal court in Tallahassee, FL</u> ,
however, we will again notify you approximately 60 days prior to actual release.

☐     Enclosed is your detainer warrant. Your detainer against the above named has been removed in
compliance with your request.

☐     Your detainer warrant has been removed on the basis of the attached _____.
Notify this office immediately if you do not concur with this action.

☐     Your letter dated _____ requests notification prior to the release of the above
named prisoner. Our records have been noted. Tentative release date at this time is _____
_____ .

☐     I am returning your _____ on the above named inmate who was committed
to this institution on _____ to serve _____ for the offense of
_____ . If you wish your _____ filed as a hold or
please return it to us with a cover letter stating your desire to have it placed as a hold or
indicate you have no further interest in the subject.

☑     The above named inmate has been transferred to <u>Federal Correctional Institution Tallahassee, FL</u>
<u>on federal writ</u> . Your detainer/notification request has been forwarded.

☐     Other:


J.R. Crowe, LIE
(334)293-2100 ext. 4148
(334)293-2326 Fax

              Sincerely

              Yvonne D. Brown,
              Inmate Systems Manager

2 Signed Record Copies - 1 Addressee, 1 - Judgement & Commitment File; Copy - Inmate; Copy - Central
File (Section 1); Copy - Correctional Services Department

(This form may be replicated via WP)                    (Replaces BP-394(58) dtd OCTOBER 1988)


Ex B - 1

BP-S394.058 **DETAINER ACTION LETTER**  CDFRM
SEP. 03
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| To: Florida Department of Corrections<br>Central Records Office<br>2601 Blair Stone Rd.<br>Tallahassee, FL 32399 | Institution:<br>**Federal Prison Camp**<br>**Maxwell Air Force Base**  Montgomery, AL 36112 |
|---|---|
| | Date: 08Jan04 |

| Case/Dkt#: | Inmate's Name:<br>McCLAMMA, Hal S. | Fed Reg No.:<br>11386-017 | DOB/SEX/RACE<br>01-09-34/M/W |
|---|---|---|---|
| Aliases: | | Other No.: FDC # N10154 | |

The below checked paragraph relates to the above named inmate:

☐ This office is in receipt of the following report: _____
_____ . Will you please investigate this report and advise what disposition, if any,
has been made of the case. If subject is wanted by your department and you wish a detainer
placed, it will be necessary for you to forward a certified copy of your warrant to us along
with a cover letter stating your desire to have it lodged as a detainer.  If you have no further
interest in the subject, please forward a letter indicating so.

☒ A detainer has been filed against this subject in your favor charging **Service of 3 year state
sentence for Grand Theft to run consecutive to federal sentence** . Release is tentatively
scheduled for **10-21-2005** , however, we will notify you no later than **60 days** prior to actual
release. **To check on an inmate's location, you may call our National Locator Center at: 202-
307-3126 or check our BOP Inmate Locator Website at www.bop.gov.**

☐ Enclosed is your detainer warrant. Your detainer against the above named has been removed in
compliance with your request.

☐ Your detainer warrant has been removed on the basis of the attached _____.
Notify this office immediately if you do not concur with this action.

☐ Your letter dated _____ requests notification prior to the release of the above
named prisoner. Our records have been noted. Tentative release date at this time is _____
_____ .

☐ I am returning your _____ on the above named inmate who was committed
to this institution on _____ to serve _____ for the offense of
_____ . If you wish your _____ filed as a detainer,
please return it to us with a cover letter stating your desire to have it placed as a hold or
indicate you have no further interest in the subject.

☐ Other: _____

J.R. Crowe, Legal                    Sincerely,
Instruments Examiner
Phone (334)293-2148
Fax   (334)293-2326                  _for_ Yvonne D. Brown
                                     Inmate Systems Manager

Original - Addressee, Copy - Judgment & Commitment File; Copy - Inmate; Copy - Central File (Section
1); Copy - Correctional Services Department

(This form may be replicated via WP)              (Replaces BP-394(58) dtd MAR 2003)

Ex B - 2

# VASCULAR SURGERY SPECIALISTS, P.A.

**Vascular and Endovascular Surgery**

**Elmer E. Croushore, M.D., F.A.C.S.**
Board Certified Vascular Surgery

**Harold R. Gertner, Jr., M.D., F.A.C.S.**
Board Certified Vascular Surgery

**Alexander J. Rim, M.D.**
Board Qualified Vascular Surgery

**Gainesville Vascular Diagnostics**

**Teresa Corbin, CVT/RVT**
Carotid Ultrasound
Segmental Arterial Doppler
Abnormal Aortic Ultrasound
Venous Ultrasound

December 23, 2004

To Whom it May Concern:

RE:    Hal S. McClamma

Dear Sir/Madam:

I have seen Marilyn McClamma, the wife of Hal S. McClamma for evaluation of peripheral vascular disease. She appears to have severe narrowing of the right carotid artery and I am anticipating she may need surgery in the near future. Also, she is being evaluated for possible aortic aneurysm which also may need surgical repair. I feel it would be helpful if her husband could be released in order to help give her emotional and physical support during this time of her illness.

Sincerely,

H. R. Gertner, Jr., M.D.
HRG/LTMG

Ex C-1



# UNIVERSITY OF FLORIDA

## INTERNAL OUTPATIENT CONSULTATION/REFERRAL FORM

Today's Date: _Jun 5, 05_    Patient Name: _McClammy, Marilyn_ DOB: _2/11/38_

MR# _1375607_    or SS# _____    Sex:    Male    (Female)

Home Phone_____    Work Phone #_____    Cell Phone #_____

**Urgent: Name of the Provider you spoke with:** _____
If Urgent there must be a physician to physician call made by the requesting physician per FGP policy

**Routine:** _Within 1 month._
Please indicate when you would like appointment (within 1 month, etc)

**Requesting Attending Physician Name/Signature:** _Curstn / Smm_    Doctor #_____

**Requesting Clinic:** _FPMG_    **Referring Clinic:** _Surgery_

**Specific Questions to be answered:** _See PT with breast tenderness (R). She has invaded_

**Signs Symptoms, Relevant Diagnosis:** _nodularity for recent mammogram, and on physical_

_exam she has (B) nodularity._

**Special Instructions:** _one of the nodules is ~ 1 cm² at_

_(R) (C) (L) 11:00-o'clock_

**Authorization #** _____    _in (R) Breast center upper que please in_

Referrals are to be submitted by the end of the next business day from receipt.
Authorizations are to be obtained by the requesting clinic.
Appointments are to be given 24 hours upon receipt of referral for specialties and same day for primary care.
If the auth is not yet obtained, unless it is urgent, the receiving clinic will deny for pending auth and wait for the auth to schedule the appointment.
Receiving clinic will be responsible for confirming the patient's appoinment.

_Ex. C-2_

An Affirmative Action Institution

1

2                    IN THE CIRCUIT COURT OF THE
                 SECOND JUDICIAL CIRCUIT, IN AND
                 FOR LEON COUNTY, FLORIDA

3                CASE NO.  2000-2790

4

5

6   STATE OF FLORIDA,

7

8   VS.

9

10  HAL S. McCLAMMA,

11

        DEFENDANT.
12

13  ————————————————————————/

14

15
    PROCEEDING:                PLEA
16

17
    BEFORE:                    HONORABLE RICHARD O. WATSON
18                             Senior Circuit Judge

19
    DATE:                      March 25, 2002
20

21  LOCATION:                  Leon County Courthouse
                               Tallahassee, Florida
22

23  REPORTED BY:               Eugenia B. Lawrence, RPR
                               Official Court Reporter
24

25

Ex D - 1

1    THE COURT:  Is that correct, Mr. Wade?

2    MR. WADE:  Yes, sir, that is correct.  In any

3    event, that wouldn't actually have to be said until the

4    date of sentencing.

5    THE COURT:  Yes.  Well, he mentioned the sixty

6    day period and I don't want to get confused by anybody

7    thinking that we are bound by the sixty days.

8    MR. TAYLOR:  No, sir.  What we are trying to do,

9    we anticipate -- counsel for the State and myself, as

10   well as counsel for the Feds, think that within that

11   window we should have hopefully every answer resolved

12   and there won't be even a need to come back other than

13   to fine-tune perhaps the total amount.

14   By this plea, the State is not being bound to any

15   agreement.  The restitution figure they may be seeking

16   from the Court is in excess of a hundred thousand.  All

17   we are doing is entering the plea to a lesser charge at

18   this time.  Basically, there's no agreement --

19   THE COURT:  All right.  But, the defense does

20   agree that if based upon the evidence the Court finds

21   restitution should be greater than $100,000, I could do

22   that?

23   MR. TAYLOR:  Yes, sir.  That's not in dispute,

24   Judge, on the issue of restitution.

25   Obviously, the defense would reserve the right to

Ex D - 2

1    contest any restitution figure, but that's where we are.

2         THE COURT: Okay.  Raise your right hand, please,

3    sir.

4         (DEFENDANT SWORN)

5         THE COURT:  Now, Mr. McClamma, would you please

6    tell me your full name?

7         THE DEFENDANT: Pardon?

8         THE COURT:  Your full name?

9         THE DEFENDANT:  Hall S. McClamma.

10         THE COURT:  And your age?

11         THE DEFENDANT:  Sixty-eight.

12         THE COURT:  Now, you have heard your attorney

13    announce to the Court that you desire to enter a plea of

14    no contest to a second degree felony and that the Court

15    would order a presentence investigation, that I would

16    determine restitution is due, but reserve jurisdiction

17    to determine the amount of restitution at a later time,

18    and then impose restitution as part of the sentencing.

19         Is that your understanding of the disposition of

20    this case?

21         THE DEFENDANT:  That is in fact my --

22         THE COURT:  Pardon me?  Go ahead right.

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  And there has been no agreement as to

25    the exact sentence which you will receive?

Ex D - 3

1    of this case and it says you choose not to defend.

2        For the purposes of this case, a plea of nolo

3    contendere or no contest will have the same legal effect

4    as a guilty plea.  Have you discussed that with your

5    attorney?

6        THE DEFENDANT:  Yes, sir, I have.

7        THE COURT:  If you enter a plea of no contest

8    without any express reservation of right to appeal, you

9    give up your right to appeal all matters relating to the

10   judgment, including the issue of guilt or innocence, but

11   you do not give up your right to appeal matters which

12   would invalidate your plea of no contest or the

13   sentence.

14       You give up your right to review by an

15   appropriate collateral attack or, as we have discussed,

16   you don't give up the right to appeal the issue of the

17   amount of restitution.  You do not give up that right.

18       THE DEFENDANT:  I understand.  Thank you, sir.

19       THE COURT:  And do you understand, Mr. McClamma,

20   that there will not be a further trial of any kind if I

21   accept your plea?

22       THE DEFENDANT:  I understand, sir.

23       THE COURT:  That plea is accepted.  A presentence

24   investigation is ordered and sentencing will be

25   scheduled at a later date.  And you are hereby

EX. D - 2/

CASE NO. ___00-2790___

STATE OF FLORIDA

UNIFORM COMMITMENT TO CUSTODY
OF DEPARTMENT OF CORRECTIONS

The Circuit Court of Leon County
in the __SPRING_____ Term. 2002. In the Case of

State of Florida

vs

_____HAL S. MCCLAMMA_____
Defendant

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA, TO THE SHERIFF OF SAID COUNTY AND THE DEPARTMENT OF CORRECTIONS OF SAID STATE, GREETING:

The above named defendant having been duly charged with the offense specified herein in the above styled Court, and he having been duly convicted and adjudged guilty of and sentenced for said offense by said Court, as appears from the attached certified copies of Indictment/ Information. Judgment and Sentence. and Felony Disposition and Sentence Data form which are hereby made parts hereof:

Now therefore, this is to command you, the said Sheriff, to take and keep and, within a reasonable time after receiving this commitment, safely deliver the said defendant, together with any pertinent Investigation Report prepared in this case, into the custody of the Department of Corrections of the State of Florida: and this is to command you, the said Department of Corrections, by and through your Secretary, Regional Directors, Superintendents. and other officials, to keep and safely imprison the said defendant for the term of said sentence in the institution in the state correctional system to which you, the said Department of Corrections. may cause the said defendant to be conveyed or thereafter transferred. And these presents shall be your authority for the same. Herein fail not.

WITNESS the Honorable _____RICHARD WATSON_____

Judge of said Court. as also _____BOB INZER_____

Clerk, and the Seal thereof. this the _____20TH___ day of

_____SEPTEMBER_____, 2002.

BOB INZER. CLERK

_Lisa M. Bres_
Deputy Clerk

Page _____1_____ of __13__ Pages

EX E

In the Circuit Court, Second Judicial Circuit,
in and for Leon County, Florida

Division: Felony

State of Florida
v.

Hal S. McClamma
Defendant

Case No.  R 2000-2790 A

___ Probation Violator    ___ Retrial
___ Community Control Violator    ___ Resentence

## JUDGMENT

The Defendant, _____ Hal S. McClamma _____ , being personally before this court
represented by, _____ Clyde Taylor _____ , the attorney of record, and the state
represented by _____ Neill Wade _____ , and having

_____ been tried and found guilty by jury/by court of the following crime(s)
_____ entered a plea of guilty to the following crime(s)
__xx__ entered a plea of nolo contendere to the following crime(s)

| Count | Crime | Offense Statute Number(s) | Degree of Crime | Case Number | OBTS Number |
|-------|-------|---------------------------|-----------------|-------------|-------------|
| 1 | Grand Theft (over $20,000 but | | | | |
| | less than $100,000) | 812.014 | Fel. 2 | 00-2790 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

__xx__  and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED THAT the
defendant is hereby ADJUDICATED GUILTY of the above crime(s).

_____  and pursuant to section 943.325, Florida Statutes, having been convicted of attempts or offenses relating to
sexual battery (ch. 794) or lewd and lascivious conduct (ch. 800) or section 782.04 (murder) or section 784.045
(aggravated battery) or section 810.02 (burglary) or section 812.133 (carjacking) or section 812.135 (home
invasion robbery) the defendant shall be required to submit two blood specimens in accordance with section
943.325(8).

_____  and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.

Page ____ of ____

Rev. 07/11/01

Ex F - 1

State of Florida

v.

Hal S. McClamma
**Defendant**

Case Number  R 2000-2790 A

## FINGERPRINTS OF DEFENDANT

| 1. Right Thumb | 2. Right Index | 3. Right Middle | 4. Right Ring | 5. Right Little |
|---|---|---|---|---|
|  |  |  |  |  |
| 6. Left Thumb | 7. Left Index | 8. Left Middle | 9. Left Ring | 10. Left Little |
|  |  |  |  |  |

Fingerprints taken by: _____  _____
                                    Name                                          Title

I HEREBY CERTIFY that the above and foregoing are the fingerprints of the defendant,

_____ Hal S. McClamma _____and that they were placed thereon by

**the** defendant in my presence in open court this date.

**DONE AND ORDERED** in open court in Leon County, Florida, this 20 day of Dept _____, 2002

_____  The court hereby places the Defendant on
         probation/community control as to count(s) _____
         _____ for a
         period of _____
         under the supervision of the Department of Corrections
         (conditions of probation set forth in separate order).

_____
Judge

EX F-2

Defendant __Hal S. McClamma_____          Case Number __R 2000-2790 A_____

                                              OBTS Number_____

## SENTENCE

(As to Count____1____)

The defendant, being personally before this court, accompanied by the defendant's attorney of record, _____
__C. Taylor_____, and having been adjudicated guilty herein, and the court having given defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown

(*Check one if applicable*)

_____ and the Court having on _____ deferred imposition of sentence until this date
                                        (date)

_____ and the Court having previously entered a judgment in this case on_____ now
       resentences the defendant                                              (date)

_____ and the Court having placed the defendant on probation/community control and having subsequently
       revoked the defendant's probation/community control.

**It Is The Sentence Of The Court that:**

_____ The defendant pay a fine of $_____ , pursuant to section 775.083, Florida Statutes, plus
       $_____ as the 5% surcharge required by section 938.04, Florida Statutes.
  ✓    The defendant is hereby committed to the custody of the Department of Corrections.
_____ The defendant is hereby directed to the custody of the Sheriff of _____ County, Florida.
_____ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

**To Be Imprisoned (Check one; unmarked sections are inapplicable):**

_____ For a term of natural life.
  ✓    For a term of _____ 3 years _____ .
_____ Said SENTENCE SUSPENDED for a period of _____ subject to
       conditions set forth in this order.

**If "split" sentence, complete the appropriate paragraph.**

  ✓    Followed by a period of _12 years_____ on probation/~~community control~~ under the
       supervision of the Department of Corrections according to the terms and conditions set forth in a separate
       order entered herein.
_____ However, after serving a period of _____ imprisonment in _____,
       the balance of the sentence shall be suspended and the defendant be placed on probation/community control
       for a period of _____ under supervision of the Department of
       Corrections according to the terms and conditions of probation/community control set forth in a separate
       order entered herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before
the defendant begins service of the supervision terms.

Defendant __Hal S. McClamma_____    Case Number __R 2000-2790 A_____

## SPECIAL PROVISIONS

(As to Count _____ 1 _____ )

By appropriate notation, the following provisions apply to the sentence imposed:

### Mandatory/Minimum Provisions:

| | |
|---|---|
| Firearm | It is further ordered that the _____ minimum imprisonment provisions of section 775.087, Florida Statutes, is hereby imposed for the sentence specified in this count. |
| Drug Trafficking | It is further ordered that the _____ mandatory minimum imprisonment provisions of section 893.135(1), Florida Statutes, is hereby imposed for the sentence specified in this count. |
| Controlled Substance 1,000 Feet of School | It is further ordered that the 3-year minimum imprisonment provisions of section Within 1,000 Feet of School 893.13(1)(c), Florida Statutes, is hereby imposed for the sentence specified in this count. |
| Habitual Felony Offender | The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(a), Florida Statutes. The requisite findings by the court are set forth in a separate order or stated on the record in open court. |
| Habitual Violent Felony Offender | The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(b), Florida Statutes. A minimum term of _____ year(s) must be served prior to release. The requisite findings of the court are set forth in a separate order or stated on the record in open court. |
| Prison Releasee Reoffender | The defendant is adjudicated a prison releasee reoffender and has been sentenced to serve 100 percent of the court-imposed sentence in accordance with section 775.082(8)(b). |
| Law Enforcement Protection Act | It is further ordered that the defendant shall serve a minimum of _____ years before release in accordance with section 775.0823, Florida Statutes. |
| Capital Offense | It is further ordered that the defendant shall be ineligible for Parole in accordance with the provisions of section 775.082(1), Florida Statutes. |
| Short-Barreled Rifle, Shotgun, Machine Gun | It is further ordered that the 5-year minimum provisions of section 790.221(2), Florida Statutes, are hereby imposed for the sentence specified in this count. |
| Continuing Criminal Enterprise | It is further ordered that the 25-year minimum sentence provisions of section 893.20, Florida Statutes, are hereby imposed for the sentence specified in this count. |

### Other Provisions:

| | |
|---|---|
| Retention of Jurisdiction | The court retains jurisdiction over the defendant pursuant to section 947.16(3), Florida Statutes (1983). |
| Jail Credit | It is further ordered that the defendant shall be allowed a total of _____ days as credit for time incarcerated before imposition of this sentence. |

Page _____ of _____

Rev. 07/11/01

Ex F-4

Defendant___Hal S. McClamma_____        Case Number___R 2000-2790 A_____

**Other Provisions' continued:**

Prison Credit          _____    It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections.

Consecutive/Concurrent  _____    It is further ordered that the sentence imposed for count(s)_____ shall run
As to Other Counts                     (check one) _____ consecutive to _____ concurrent with the
                                       sentence set forth in count _____ of this case.

Consecutive/Concurrent    ✓            It is further ordered that the composite term of all sentences imposed for the counts as to Other Convictions specified in this order shall run (check one) ✓ consecutive to _____ concurrent with the following: (check one)

                        _____    any active sentence being served

                          ✓            specific sentences _*Federal Sentence*_

                                       _____

                                       _____

                                       _____


    In the event the above sentence is to the Department of Corrections, the Sheriff of LEON County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.

    The defendant in open court was advised of the right to appeal from this sentence by filing notice of appeal within 30 days from this date with the clerk of this court and the defendant's right to the assistance of counsel in taking the appeal at the expense of the State on showing of indigency.

    In imposing the above sentence, the court further orders _Restitution to mrs. Beckham, reserve jurisdiction to enter amount. No contact with victim. Defendant not to act as trustee on behalf of any person._

Defendant ___Hal S. McClamma_____          Case Number ___R 2000-2790 A_____

# FELONY
## FINES/COSTS

### IT IS THE FURTHER JUDGMENT AND ORDER OF THE COURT THAT DEFENDANT SHALL PAY THE FOLLOWING:

1. $_____ fine pursuant to Section 775.083, Florida Statutes.
2. $_____ as the 5% surcharge required by Section 938.04, Florida Statutes.
3. $50.00 pursuant to Section 938.03, Florida Statutes (Crimes Compensation Trust Fund).
4. $200.00 pursuant to Section 938.05, Florida Statutes (Local Government Criminal Justice Trust Fund).
5. $3.00 as a court cost pursuant to Section 938.01(1) Florida Statutes (Criminal Justice Trust Fund).
6. $3.00 as a court cost pursuant to Section 938.17, Florida Statutes (Juvenile Justice Assessment).
7. $2.00 as a court cost pursuant to Section 938.15, Florida Statutes (County Criminal Justice Education).
8. $2.00 as a court cost pursuant to Section 938.15, Florida Statutes (City Criminal Justice Education).
9. $3.00 as a court cost pursuant to Section 938.19, Florida Statutes (Teen Court).
10. $20.00 as a court cost pursuant to Section 938.06, Florida Statutes (Crime Stopper Trust Fund).
11. $201.00 as a court cost pursuant to Section 938.08, Florida Statutes (Domestic Violence Trust Fund).

$_____ Total Statutorily Mandated Costs And Fines [Which shall be first satisfied from all sums paid and for which let execution issue].

## AND DEFENDANT IS ALSO FURTHER ORDERED TO PAY THE FOLLOWING, IF CHECKED:

_____ A fine in the sum of $_____ pursuant to Section 775.0835(1), Florida Statutes. (Optional fine for the Crimes Compensation Trust Fund).

_____ $20.00 pursuant to Section 939.015, Florida Statutes (Handicapped and Elderly Security Assistance Trust Fund).

_____ A 10% surcharge in the sum of $_____ pursuant to Section 775.0836, Florida Statutes (Handicapped and Elderly Security Assistance Trust Fund).

_____ A sum of $_____ pursuant to Section 939.01, Florida Statutes (Prosecution/Investigative Costs).

_____ A sum of $_____ pursuant to Section 27.56, Florida Statutes (Public Defender Fees).

_____ A sum of $_____ pursuant to Section 938.27, Florida Statutes, payable to_____

_____ Application Fee (up to $40.00) $_____, Section 27.52(c), Florida Statutes (Indigent Criminal Defense Trust Fund).

_____ Other:_____

_____ Court Costs/Fines waived.

_____ Court Costs/Fines reduced to civil judgment.

$_____ TOTAL DISCRETIONARY COSTS, FEES AND FINES

( ) **If checked, discretionary items are reduced to judgment for which execution issue.**

**IT IS FURTHER ORDERED** that, [if defendant has not been sentenced to incarceration in the Department of Corrections]:

A.    Defendant shall pay directly to the clerk of this court the total amount of the statutorily mandated costs and fines specified above within thirty (30) days from the date hereof; or, instead,

B.    Defendant may pay such total amount in 12 equal monthly installments of $_____, beginning thirty (30) days after release from custody, if you serve straight jail time. If defendant does not receive any straight jail time, payments begin thirty (30) days from the date hereof, and shall be paid by the 10th of each month until payment in full.

Page _____ of _____                                    Rev. 07/11/01

Defendant   Hal S. McClamma                          Case Number   R 2000-2790 A

**IT IS FURTHER ORDERED** AND <u>NOTICE IS HEREBY GIVEN THAT</u> further required court appearances and hearings are set forth in the Notice of Statutorily Mandated Costs and Fine Provisions handed to you in court which dates are incorporated herein and made a part of this judgment and order.

**AT SUCH FURTHER COURT APPEARANCES AND HEARINGS,** the defendant **shall** <u>appear</u> **in person** to review defendant's payment record of statutorily mandated costs and fines imposed <u>and to show legal cause, (in the</u> <u>event the defendant has not paid</u> <u>or</u> <u>is not completely and fully current</u> with his/her payments, why defendant should not be <u>adjudged guilty</u> of civil contempt for failing to obey this judgment and order requiring full and regular payment <u>and</u> <u>there and then</u> <u>be committed</u> <u>to jail</u> <u>with purge or fined</u> in accordance with law.

**NO FURTHER NOTICE OF THESE HEARINGS WILL BE MAILED, SERVED OR GIVEN TO YOU.**

**IF YOU HAVE <u>PAID IN FULL</u> OR <u>ARE CURRENT</u> IN YOUR PAYMENTS BY <u>TWELVE</u> <u>O'CLOCK NOON</u> ON THE <u>DAY BEFORE</u> EACH HEARING YOU DO NOT HAVE TO APPEAR -- IF YOU ARE <u>NOT CURRENT OR PAID IN FULL</u>, YOU MUST APPEAR IN COURT EACH OF THE SCHEDULED DATES <u>AND IF YOU FAIL TO APPEAR</u> ON SUCH DATE(S), A <u>CAPIAS WILL</u> <u>IMMEDIATELY ISSUE</u> FOR YOUR DELIVERY TO JAIL FROM WHICH YOU SHALL BE BROUGHT BY THE SHERIFF TO DULY APPEAR IN COURT AS MAY BE ORDERED.**

**THESE FURTHER COURT HEARINGS AND YOUR APPEARANCE ARE REQUIRED <u>WHETHER OR NOT</u> YOU HAVE BEEN PLACED ON <u>PROBATION</u> AND ARE <u>REQUIRED AFTER</u> <u>YOUR PROBATION HAS EXPIRED</u> UNTIL PAYMENT IS MADE IN FULL.**

**YOU MUST ALSO IMMEDIATELY NOTIFY THE CLERK OF THIS COURT IN -- WRITING-- OF ANY <u>CHANGE IN YOUR ADDRESS</u> AND YOU WILL BE FURTHER SUBJECT TO CONTEMPT, SENTENCE AND/OR FINE IF YOU FAIL TO DO SO.**

**ALL FINE/COSTS PAYMENTS MUST BE IN MONEY ORDER PAYABLE TO: CLERK OF COURT, LEON COUNTY COURTHOUSE.**

**DONE AND ORDERED** in open court this _20_ day of _September_ ,
~~2001.~~
2002

_Richard Ouston_

**CIRCUIT JUDGE**

Page _____ of _____                          Rev. 07/11/01

Ex F-7

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA
CASE NO. 00-2790AF
SPN 134222

STATE OF FLORIDA

vs

**INFORMATION**

Hal S. McClamma
WH/M, 01/09/34
SSN 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
        Defendant(s).

_____/

INFORMATION FOR:

I:     GRAND THEFT (OVER $100,000) (F1)

IN THE NAME OF AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

     WILLIAM N. MEGGS, State Attorney for the Second Judicial Circuit of the State of Florida, charges that in Leon County, Florida, the above-named defendant(s):

COUNT 1: Between June 26, 1980 and April 26, 2000, did knowingly obtain, use, or did endeavor to obtain or to use United States currency of the value of $100,000 or more, the property of Martha C. Beckham, with the intent to either temporarily or permanently deprive the other person of a right to the property or a benefit therefrom or to appropriate the property to his or her own use or to the use of any person not entitled thereto, contrary to Section 812.014(2)(a), Florida Statutes.

STATE OF FLORIDA
COUNTY OF LEON

WILLIAM N. MEGGS, STATE ATTORNEY
SECOND JUDICIAL CIRCUIT

_____
Neill G. Wade
Assistant State Attorney

The foregoing instrument was acknowledged before me on August 21, 2000, by Neill G. Wade who is known to me and did take an oath stating good faith in instituting the prosecution and certifying that testimony was received under oath from the material witness or witnesses for the offense pursuant to F.R.Cr.P. 3.140(g).

_____
NOTARY PUBLIC

Mary L Glover
MY COMMISSION # CC626982 EXPIRES
November 1, 2001
BONDED THRU TROY FAIN INSURANCE INC

ARN 09/19/00 in Courtroom 3A  ASA Neill G. Wade

# RULE 3.992(a) CRIMINAL PUNISHMENT CODE SCORESHEET

| 1. DATE OF SENTENCE | 2. PREPARER'S NAME ☐ DC ☒ SAO | 3. COUNTY | 4. SENTENCING JUDGE |
|---|---|---|---|
| 09-20-2002 | N. WADE | LEON | R. WATSON |

| 5. NAME (LAST, FIRST, M.I.) | 6. DOB | 8. RACE | 10. PRIMARY OFF. DATE | 12. |
|---|---|---|---|---|
| McCLAMMA, HAL S. | 01-09-1934 | ☐B ☒W ☐OTHER | 04-26-2000 | PLEA ☒ |
| | 7. DC # | 9. GENDER | 11. PRIMARY DOCKET # | TRIAL ☐ |
| | N10154 | ☒M ☐F | 00-2790AF | |

**I.**

**PRIMARY OFFENSE:** If Qualifier, please check ____ A ____ S ____ C ____ R (A=Attempt, S=Solicitation, C=Conspiracy, R=Reclassification)

| FELONY DEGREE | F.S.# | DESCRIPTION | OFFENSE LEVEL | POINTS |
|---|---|---|---|---|
| F2 | 812.014 | GRAND THEFT | 6 | |

(Level - Points: 1=4, 2=10, 3=16, 4=22, 5=28, 6=36, 7=56, 8=74, 9=92, 10=116)

Prior capital felony triples Primary Offense points ☐

I. 36

**II.**

**ADDITIONAL OFFENSE(S):** Supplemental page attached ☐

| DOCKET# | FEL/MM DEGREE | F.S # | OFFENSE LEVEL | QUALIFY A S C R | COUNTS | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| _____ / _____ / | | | | ☐☐☐☐ | X | = | |
| Description | | | | | | | |
| _____ / _____ / | | | | ☐☐☐☐ | X | = | |
| Description | | | | | | | |
| _____ / _____ / | | | | ☐☐☐☐ | X | = | |
| Description | | | | | | | |

(Level - Points: M=0.2, 1=0.7, 2=1.2, 3=2.4, 4=3.2, 5=5.4, 6=19, 8=37, 9=46, 10=58)

Prior capital felony triples Additional Offense points ☐

Supplemental page points _____

II. _____

**III.**

**VICTIM INJURY:**

| | | Number | Total | | | Number | Total |
|---|---|---|---|---|---|---|---|
| 2nd Degree Murder | 240 X | _____ | = _____ | Slight | 4 X | _____ | = _____ |
| Death | 120 X | _____ | = _____ | Sex Penetration | 80 X | _____ | = _____ |
| Severe | 40 X | _____ | = _____ | Sex Contact | 40 X | _____ | = _____ |
| Moderate | 18 X | _____ | = _____ | | | | |

III. _____

**IV.**

**PRIOR RECORD:** Supplemental page attached ☐

| FEL/MM DEGREE | F.S # | OFFENSE LEVEL | QUALIFY A S C R | DESCRIPTION | NUMBER | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| F2 / / | | 4 | ☐☐☐☐ | (FED) MAIL FRAUD, | 3 | X 2.4 | = 7.2 |
| F3 / / | | 1 | ☐☐☐☐ | (FED) FALSE STATEMENT TO FIN. INST. | 4 | X .5 | = 2 |
| / / | | | ☐☐☐☐ | | | X | = |
| / / | | | ☐☐☐☐ | | | X | = |
| / / | | | ☐☐☐☐ | | | X | = |
| / / | | | ☐☐☐☐ | | | X | = |

(Level - Points: M=0, 1=0.5, 2=0.8, 3=1.6, 4=2.4, 5=3.6, 6=9, 7=14, 8=19, 9=23, 10=28)

Supplemental page points _____

IV. 7.4

Page 1 Subtotal: 43.4

Page 1 Subtotal _____

V.   Legal Status violation = 4 Points

VI.  Community Sanction violation before the court for sentencing
     6 points x each successive violation OR
     New felony conviction = 12 points x each successive violation

V. _____

VI. _____

VII.  Firearm/Semi-Automatic or Machine Gun = 18 or 25 Points

VIII. Prior Serious Felony = 30 Points

VII. _____

VIII. _____

Subtotal Sentence Points _____

IX.  Enhancements (only if the primary offense qualifies for enhancement)

| Law Enforcement Protection | Drug Trafficking | Grand Theft Motor Vehicle | Street Gang (offenses committed on or after 10-1-99) | Domestic Violence (offenses committed on or after 10-1-97) |
|---|---|---|---|---|
| ___ x 1.5 ___ x 2.0 ___ x 2.5 | ___ x 1.5 | ___ x 1.5 | ___ x 1.5 | ___ x 1.5 |

Enhanced Subtotal Sentence Points IX. _____

TOTAL SENTENCE POINTS   43.4

## SENTENCE COMPUTATION

If total sentence points are less than or equal to 44, the lowest permissible sentence is any non-state prison sanction.

If total sentence points are greater than 44:

_____  minus 28 =  _____  x .75 =  _____
total sentence points                                      lowest permissible prison
                                                           sentence in months

The maximum sentence is up to the statutory maximum for the primary and any additional offenses as provided in s. 775.082, F.S., unless the lowest permissible sentence under the code, exceeds the statutory maximum. Such sentences may be imposed concurrently or consecutively. If total sentence points are greater than or equal to 363, a life sentence may be imposed.

_____
maximum sentence
in years

## TOTAL SENTENCE IMPOSED

|  | | Years | Months | Days |
|---|---|---|---|---|
| ☑ State Prison | ☐ Life | 3 | | |
| ☐ County Jail | ☐ Time Served | | | |
| ☐ Community Control | | | | |
| ☑ Probation | | 12 | | |

Please check if sentenced as  ☐ habitual offender,  ☐ habitual violent offender,  ☐ violent career criminal,  ☐ prison releasee reoffender, or a ☐ mandatory minimum applies

☐ Mitigated Departure   ☐ Plea Bargain

Other Reason _____

| JUDGE'S SIGNATURE | Richard O'Waba      9-20-02 |
|---|---|

L-86985-L

# PROBABLE CAUSE

**TO:** FIRST APPEARANCE MAGISTRATE
**DEFENDANT:** HAL SAXON MCCLAMMA, JR.
**CHARGES:** GRAND THEFT OF MORE THAN ONE HUNDRED THOUSAND DOLLARS

## SUMMARY OF OFFENSES AND PROBABLE CAUSE AFFIDAVIT:

On July 14, 2000, Martha Carole Beckham made a sworn statement to the Office of the State Attorney in the Second Judicial Circuit. In the sworn statement, Ms. Beckham stated that on June 26, 1980, she signed a trust agreement (*Beckham Operating Trust*) in the office of County Court Judge Hal McClamma, located in the Leon County Courthouse, providing for Hal McClamma to act as the trustee. According to Ms. Beckham, Hal McClamma encouraged her to withdraw her money from the bank and invest the money in a *Trust* that he would manage. Hal McClamma told her that her investments thru the *Trust* would earn more interest than that of the bank. On or about June 26, 1982, Ms. Beckham provided Hal McClamma with a cashiers check in the amount of twenty-one thousand one hundred seventy-three dollars and sixty-eight cents ($21,173.68). On or about August 18, 1980, Ms. Beckham provided Hal McClamma with additional funds in the amount of fourteen thousand seven hundred one dollars and thirty-six cents ($14,701.36). All of these funds were to be invested in the *Beckham Operating Trust* and managed by Hal McClamma.

From 1980 thru 1998, Hal McClamma provided Ms. Beckham with interest income statements reflecting her annual interest income earned on her investment thru the *Trust*. Subsequent to receiving these statements from Hal McClamma, Ms. Beckham included the interest income figures on her personal tax returns to the Internal Revenue Service for each year from 1980 thru 1998.

Ms. Beckham has provided the original documents of the *Beckham Operating Trust*. Ms. Beckham has also provided the various statements received from Hal McClamma stating the annual interest income earned from the *Trust* as well as copies of the sections from her personal tax returns showing the reported interest income.

According to Ms. Beckham, she became concerned about her investment when she learned that the Federal Authorities had arrested Hal McClamma. Ms. Beckham contacted Hal McClamma about obtaining the assets from the *Trust*. Ms. Beckham said that Hal McClamma told her that she would have a penalty if she took the money out early and reassured her that he was innocent of the charges as it was just a misunderstanding. Ms. Beckham agreed to leave the money in the *Trust*. On February 28, 2000, Ms. Beckham made a written demand for Hal

Page 1 of 2

McClamma to turn over the money in the *Trust* to her by March 15, 2000. Hal McClamma did not provide Ms. Beckham with the money from the *Trust* as requested. On April 18, 2000, Ms. Beckham made another written demand for her total investment to be returned to her by April 25, 2000 from the *Beckham Operating Trust*. Hal McClamma again failed to return the total amount of her assets in the *Trust*. Hal McClamma responded to this demand by providing a *Promissory Note* dated May 1, 2000. Hal McClamma promised to pay Ms. Beckham One Hundred Eighty One Thousand Six Hundred Thirty Dollars and Fifty-Three cents ($181,630.53) in monthly installments. These payments were to begin the first day of May, 2000 and on the first day of each month thereafter until paid, principal and interest payments of $1,301.26. Ms. Beckham also stated that Hal McClamma told her that he would get an insurance policy on himself with her as the beneficiary. Ms. Beckham has received three checks since May 2000, each in the amount of $1301.26. She also noted that she had received three checks in 1998 totaling $950.00. Ms. Beckham stated that she did not want a *Promissory Note* nor had she asked for one. Ms. Beckham stated that she asked her money in full and that *is* what she wanted.

Signature _____ Office of the State Attorney

Notary/ASA _____ Notarization: Sworn and subscribed before me this seventeenth day of July 2000.

ORDER: THIS CAUSE coming before me as a First Appearance Magistrate, and having reviewed the preceding Affidavit, find: _✓_ Probable Cause sufficient;

_____ Probable Cause not sufficient and unless corrected withing seventy-two hours, the defendant shall be released on his own recognizance.

Bond Amount Requested $ROR

**JUDGE SIGNATURE**

**Page 2 of 2**

MON 1330.11A
ATTACHMENT

## FPC MONTGOMERY, AL.
## INFORMAL RESOLUTION FORM

DATE: 4-28-05          STAFF SIGNATURE: R P

INMATE NAME: McCLAMMA, HAL          REG. NO. 11386-017          Inf. Rs.# _____

**NOTICE TO INMATE:** You are advised that prior to filing a Request for Administrative Remedy (BP-9), you **MUST** attempt to informally resolve your complaint through your unit counselor. Please follow the three (3) steps below:

1. STATE YOUR SPECIFIC COMPLAINT: UNIT TEAM DENIAL OF MY REQUEST FOR FURLOUGH, HALFWAY HOUSE OR HOME CONFINEMENT AT OR NEAR MY 10%/6 MO. DATE BASED ON A VOID OR INVALID STATE DETAINER. THE PURPORTED DETAINER IS INVALID ON ITS FACE AND CONTRARY TO THE INTERSTATE AGREEMENT ON DETAINERS ACT. MCCLAMMA HAS HAD COMMUNITY CUSTODY SINCE MAY, 2002, NO DISCIPLINARY ACTIONS, OUTSTANDING WORK RECORD AND IS NO FLIGHT RISK.

2. STATE WHAT EFFORTS YOU HAVE MADE TO INFORMALLY RESOLVE YOUR COMPLAINT: _____ TALKED TO MY CASE MANAGER AFTER RECEIVING THE ADVERSE PROGRAM REVIEW REPORT.

3. STATE WHAT RESOLUTION YOU EXPECT: I EXPECT TO BE GRANTED FURLOUGH PRIVILEGES AND IMMEDIATE REDESIGNATION TO COMPLETE MY TERM OF IMPRISONMENT AT HALFWAY HOUSE NEAREST MY HOME OR TO HOME CONFINEMENT. I EXPECT THE SO CALLED DETAINER TO BE TREATED, IF AT ALL, AS ONLY NOTICE TO BE GIVEN THE STATE OF FLORIDA AS I NEAR THE END OF MY HALFWAY HOUSE OR HOME CONFINEMENT TERM OF IMPRISONMENT. TIME IS OF THE ESSENCE AS MY GOOD TIME OUT DATE IS OCTOBER 21, 2005, LESS THAN 7 MON FROM TODAYS DATE.          INMATE SIGNATURE: _____ DATE: 4-28-05

CORRECTIONAL COUNSELOR'S COMMENTS/STEPS TAKEN TO RESOLVE: SEE ATTACHMENT

COUNSELOR'S SIGNATURE: R P          DATE: 5-2-05
UNIT MGR'S REVIEW: _____          DATE: 5/2/05

**STAFF ACTION:**

_____ NOT ACTED ON-STATE REASONS IN COMMENTS
_____ INFORMALLY RESOLVED
_____ NO INFORMAL RESOLUTION-(BP-9) ISSUED
_____ IF DHO or UDC, DATE FORM RETURNED TO INMATE: _____

| | Inmate Form Returned to Counselor | BP-9 Given to Inmate | BP-9 Returned from Inmate | BP- Delivered to A/W |
|---|---|---|---|---|
| Date: | 4-28-05 | | | |
| Time: | 11 ᵃ² | | | |
| Counselor: | R P | | | |

Ex H-1

Program Statement 5280.08, Furloughs, February 4, 1998, Section 10, <u>LIMITATIONS OF ELIGIBILITY</u> 570.35, Paragraph f, states that the Warden may not ordinarily grant a furlough to an inmate with a detainer.

A review of your case reveals that the State of Florida has lodged a detainer against. Reportedly, documents received from the Florida Department of Corrections indicate that you have a three-year state sentence and with a 12-month term of probation to follow that is to be satisfied following your release from federal custody. Therefore, since you do not meet the prescribed criteria for furloughs, your request cannot be granted at this time.

Ex H-2

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | MCCLAMMA, HAJ. S. | 11386-017 | MOBILE A | FPC MONT |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

**QUESTION OR CONCERN:** The denial of furlough, halfway house or home confinement because of a state detainer. This denial to McClamma, who is "otherwise qualified" is contrary to law.

**SOLUTION REQUESTED:** Grant McClamma a furlough and home confinement or halfway house redesignation.

**GROUNDS:** The only statutory authority, The Interstate Agreement on Detainers applies only to pending, untried charges. McClamma's charges are neither pending or untried. Except for the invalid detainer, he is "otherwise qualified" for the relief he seeks. He has had Community Custody since May, 2002, an outstanding work record, no disciplinary actions and the only reason stated on his latest Program Review Report for the denial of his requests is the "state detainer."

As the attached Memorandum of Fact and Law and its exhibits will show, the detainer is void, is invalid on its face and does not apply to McClamma. The BOP (Warden) has the statutory authority to redesignate McClamma as requested at this very moment in time.

              **MEMORANDUM OF FACT AND LAW WITH EXHIBITS ATTACHED**

| May 3, 2005 | | |
|---|---|---|
| DATE | | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: **375389-F1**

ORIGINAL: RETURN TO INMATE

CASE NUMBER: **375389-F1**

**Part C- RECEIPT**

Return to: HAJ. MCCLAMMA          11386-017          MOBILE A 23J    FPCMONTGOMERY
              LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.        UNIT            INSTITUTION

SUBJECT: REQUEST FOR ADMINISTRATIVE REMEDY

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

**U.S. Department of Justice**
Federal Bureau of Prisons

**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY**

---

| From: | McClamma, Hal | 11386-017 | Mobile A | FPC Montgomery |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part B- RESPONSE**

Remedy ID - 375388-F1

This is in response to your Request for Administrative Remedy receipted May 6, 2005, in which you are seeking reconsideration for a furlough, Community Corrections Center (CCC) placement, and home confinement eligibility.

A review of your case indicates the Florida Department of Corrections has lodged a detainer against you. Documents received from Florida reveal you have a three-year state sentence with a 12-month term of probation to follow the service of your federal sentence. Program Statement 5280.08, Furloughs, provides that the Warden may not ordinarily grant a furlough to an inmate with a detainer. Program Statement 7310.04, CCC Utilization and Transfer Procedures, provides that inmates with unresolved pending charges or detainers which will likely lead to arrest, conviction, or confinement shall not ordinarily participate in CCC or home confinement programs.

Based upon the above information, you are not an appropriate candidate for furlough participation, or for CCC or home confinement placement. Accordingly, your request for relief is denied.

In accordance with Program Statement 1330.13, Administrative Remedy Program, "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."

5/13/05
DATE

WARDEN