UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 MAY 23 P 2: 21
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

HAL S. MCCLAMMA,
        Petitioner,

vs.                    CASE NO.: 2:05cv482-T

SCOTT A. MIDDLEBROOKS, WARDEN
and
THE ATTORNEY GENERAL OF THE UNITED STATE,
        Respondents.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION TO EXPEDITE § 2241 PETITION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

        COMES NOW THE PETITIONER, HAL S. MCCLAMMA, in Proper person and would respectfully ask this Honorable Court to expedite the disposition of his Petition for a Writ of Habeus Corpus under **Title 28 USC § 2241** and as grounds would assert:

        1. He is incarcerated in the custody of the Attorney General with the Warden, Federal Prison Camp Montgomery as his immediate custodian, and

        2. On October 21, 2005, his "Good Time Out Date," McClamma will have served 59 months and 21 days of his criminal sentence, and

        3. But for an illegal and invalid hold placed on McClamma as a result of a purported State of Florida detainer, McClamma would be eligible for redesignation to a halfway house (CCC) or to home confinement during the last 10% or 6 months of his sentence. This redesignation should thus commence about the end of May, 2005, and

4. While time does not permit McClamma to have all of the time at a halfway house (CCC) or in home confinement that he would otherwise be eligible for, an immediate favorable ruling by this court would assure him at least a portion of this time, as recommended by Congress in **Title 18 USC § 3624(c)** (The BOP, to the extent practicable shall assure a prisoner spend the last 10% or 6 months of his sentence at a CCC or at home.)

5. The delay occasioned by an unsuccesful effort to seek an adminstrative remedy has placed this Petitioner in the position that unless this court can respond in a short period of time to his Petition, he will be denied the redesignation, all to his extreme prejudice.

6. A favorable ruling by this court will force the Bureau of Prisons to comply with applicable law.

7. Failure to expedite this Petition for resolution will have the same effect as a denial.

8. The Petition can be resolved on the basis of the Exhibits attached to it (all of which are in the possession of the Respondent) and upon applicable law, without resort to extrinsic evidence and without the need for an evidentiary hearing.

HAL S. MCCLAMMA, Pro-se
Movant/Petitioner
Federal Prison Camp Montgomery
Montgomery, AL. 36112

## CERTIFICATE OF MAILING

I hereby certify that the original of this Motion to Expedite was deposited in the Inmate Mail System with sufficient First Class Postage attached on the 20 day of May, 2005, addressed to the Clerk of Court.

HAL. S. MCCLAMMA