IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2005 JUN 22 A 9:30

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

HAL S. MCCLAMMA, JR.,
    Petitioner,

vs.                         CIVIL ACTION NO.: 2:05-CV-482-T

SCOTT A. MIDDLEBROOKS, et al.,
    Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MOTION TO SET ASIDE ORDER EXTENDING TIME TO RESPOND; MOTION TO
ENTER A DEFAULT; MOTION FOR JUDGMENT ON THE PLEADINGS**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

    Comes now the Petitioner/Movant McClamma and moves this Honorable Court to:

    A. Set aside its Order of June 15, 2005 granting the Respondent until and including July 14, 2005 to file their response to McClamma's "2241" habeus corpus petition because the court lacks jurisdiction to grant an extension longer than 20 days from May 27, 2005 and any such extension is contrary to law. The extension grants a total of 52 days.

    B. The Respondent not having filed a response or "answer" by the 16th of June, 2005 (20 days plus 3) is in default and McClamma is entitled as a matter of law to an Order of Default.

    C. Based on the verified Petition and all attached Exhibits (which constitute all matters and things available to the Respondent when he denied McClamma's request for relief), McClamma is entitled to a Judgment on the Pleadings granting his request for relief.

Grounds for this Motion are:

1. On May 24, 2005, in response to McClamma's "2241" habeus corpus petition, this court ordered the Respondent to file a response "within 20 days of service on the United States Attorney." This response or "answer" was to be "in accordance with the provisions of **28 U.S.C. § 2243.**"

2. **§ 2243** says in relevant part:

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned **within three days unless for good cause additional time, not exceeding twenty days is allowed.**" Thomson-West 2005 Pamphlet Edition (emphasis supplied)

**Rule 5(b)(2)(B)** of the **Federal Rules of Civil Procedure says:**

Service is complete on mailing.

**Rule 6(e)** adds 3 days to the 20 granted by the court.

3. McClamma has never been served with any request by the Respondent showing good cause for the 20 days beyond the initial 3 days allowed by **§ 2243**.

4. By Order dated June 15, 2005, a motion by Respondents to extend the time to file their response "to and including July 14, 2005" was granted the order reciting without explanation "and for good cause." This Order was delivered to McClamma by U.S. Mail and the Inmate Mail System on June 17, 2005. McClamma has never been served with a Motion requesting an extension.

5. Notwithstanding the aforesaid Order recited it was in response to a motion for extension of time filed by the respondents on June 10, 2005 (Court Doc. No. 9) McClamma has never received a copy of the Motion and is unaware of any grounds "for good cause." The May 24th Order didn't mention "good cause."

6. As clearly set forth in the original Petition and an accompanying Motion to Expedite, to delay is to deny even if the ultimate ruling by this court is favorable.

7. **Rule 1, Federal Rules of Civil Procedure** requires a "...just, <u>speedy</u> and inexpensive determination of every action." (emphasis supplied)

## ARGUMENT

A. In a 1968 decision interpreting the very same language in § 2243 as is found here today and cited in ¶ 2. above, the district court held, when asked for an extension of time by the Ohio Attorney General, that he had already been given 19 days in one case and 20 in two others and that the court "does not undertake to substitute its judgment for that of the Congress." The judgment of the Congress referred to is found in § 2243. The court said:

> Looking at the present federal statute, 28 U.S.C. § 2243, particularly in light of the **Jenkins** case, supra, it appears that the three and twenty day provisions established therein are the outside limits of the reasonable time for the return of the writ mentioned by the Supreme Court. Ex Parte Baez, supra.
>
> **Allen v. Perini,** 291 F.Supp. 144 (1968)

In **Baez** the Supreme Court was dealing with an earlier statute which provided for return on or before various dates depending on the distance between the courts and places of custody. **Perini** cited **Baez**:

> This section was taken almost literally from the Habeus Corpus Act, chap. 2 of the 31st Car. II., which was designed to remedy procrastination and trifling with the writ.

**Perini** also cites as persuasive **Jenkins** from the Supreme Court of New York:

> Great delays have been used by sheriffs, gaolers and other officials to whose custody persons have been committed for criminal and supposed criminal matters, in making returns of writs of habeus corpus to them directly and by other shifts to avoid their yielding obedience to such writ contrary to their duty and known laws of the land.
>
> ...it is clear it was not intended to do anything more than fix a maximum limit for obedience.
>
> **People ex rel Jenkins v. Kuhne**
> 57 Misc. 30, 107 N.Y.S. 1020, 1025, (1907) aff'd, 127 App.Div. 916

The **Allen v. Perini** matter does not end here. In the 6th Circuit that court showed the other side of the coin that by not making return to the writ, a corrupt jailor could empty a jail. The 6th Circuit said, and McClamma agrees, that failure to file a timely return does not afford an **instanter** release from jail. The 6th Circuit said " We think the problem in this case does not give rise to the question of whether the district court possesses the power to extend the time beyond 20 days. This court expressly reserves a decision on that question."

The 6th Circuit went on to find fault with the district court for issuing an order to show cause on a petition that, on its face, shows the petitioner not entitled to relief.

Quite the contrary is the case with McClamma. The facts cannot be in dispute because the Respondent did not controvert them at the administrative level. McClamma has cited law that shows he is clearly entitled to the relief he seeks. In McClamma's case there is a presumption that the court acted properly in issuing the order to show cause. There has been no showing to the contrary. There are no factual disputes in this case.

There are those who would assert that the **Civil Rules** would give more time to answer. **Burmudez v. Reid** 720 F.2d 748, 750 (1983). **Rule 81(a)(2)** makes the **Civil Rules** applicable to habeus corpus **to the extent that practice in such proceedings is not set forth in statutes of the United States.**

§ 2243, supra, does <u>not</u> say "within three days...,not exceeding twenty days **unless otherwise provided in the Rules of Court.**

**Burmudez**, supra was another case where a state Attorney General sought an extension because of "overwork." After several extentions the

court entered a default. On appeal, the 2d Circuit had this to say about habeus:

> We also consider that federal habeus review of state court convictions is intended to provide "'a swift and imperative remedy in all cases of alleged restraint or confinement.'" **Fay v Noia**, 372 US 391, 400, 83 S.Ct. 822, 828, 9 L.Ed. 2d 837 (1963) **(quoting Secretary of State for Home Affairs v. O'Brien,** [1923] A.C. 603, 609 (H.L.)). A habeus claim should receive "a swift, flexible and summary determination." **Preiser v. Rodriguez** 411 U.S. 475, 495, 93 S.Ct. 1827, 1839, 36 L.Ed.2d 439 (1973). Congress has required that habeus claims be addressed "forthwith", 28 U.S.C. § 2243 (1976), and has allowed only forty days as the time in which a habeus answer must be filed, Fed.R.Civ.P. 81(a)(2), a period that some courts have regarded as a mandatory deadline that may not be exceeded. **See, e.g. United States ex rel Mattox v. Scott**, 597 F.2d 919, 923 (7th Cir. 1974); **Allen v. Perini**, 291 F.Supp. 144, (N.D Ohio 1968) vacated, 424 F.2d 134 (6th Cir. 1970), cert. denied, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed2d 143 (1970). If the writ of habeus corpus is not to be reduced to a sham, both the court and the respondent must act without unnecessary delay.

(It must be noted that the 2d Circuit is wrong about there being forty days in which to respond. The **Burmudez** court said above that Congress ...has only allowed forty days and then cites a court rule as authority. Further, even if it should be correct, the court's order in McClamma's case gives the Respondent 52 days to respond - Order of June 15, 2005.)

McClamma is not an attorney and none of his pleadings lead to the view that he is. He is a prisoner and does not have access to Electronic Noticing. He must assume that the failure of the Respondent to supply him with any of its pleadings seeking extensions of time is an oversight. Counsel for the Respondents knows that Ex Parte communication with the court is a grievous sin - especially where the opponent has no effective means of communication. Thus, McClamma has no idea - the court's orders give him no clue - as what the Respondent's problem may be. The facts are

uncontrovertible and are the very same facts and exhibits the Respondent used in denying McClamma his deserved relief. While failure of the Respondent to reply may cause the court some extra effort in determining the state of the law, Petitioner is satisfied that the court will assure itself of the current state of the law.

It probably doesn't matter here whether the Petitioner had any notice of Respondent's desire for more time. As we have seen neither notice or the bona fides of the asker will vest the court with the authority to give more than the 20 days plus 3 it already has given. (without input from the Petitioner.)

There simply are NO cases that say the "Mañana" philosophy attaches to Habeus Corpus. Since most requests for extension are produced by perceived "overwork" here is what the **Perini** trial court has to say about that:

> Should the respondent desire to alleviate this problem, it would appear that he would have two courses. The first would be to petition Congress to extend the time limitation established in the statute for post-conviction habeus corpus. The second and better course would be for the State of Ohio to increase the size of the staff in the Office of Attorney General to permit handling these petitions more expeditiously.

Petitioner is entitled, as a matter of law, to have the extension of time until July 14, 2005, granted to Respondent in the June 15th Order vacated and set aside.

B. Once set aside, what remedy is fair? Petitioner asserts that only a default will do substantial justice here.

There are a plethora of cases dealing with sanctions on a party or his counsel for failing to do what they were required to do in a timely manner. Most deal with discovery violations but the same principles

would apply here. In **Taylor v. Illinois**, 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798, the majority affirmed an Illinois trial judge in denying a non-disclosed witness the opportunity to testify. The dissenters thought sanctions against the lawyer would be more appropriate.

What is fair here? McClamma is not fearful of the Respondent's reply. He is fearful of the delay which has already reared its ugly head with the June 15th extension Order. A timely favorable ruling sends McClamma to be with or near his ailing wife. A delayed favorable ruling wastes everybody's time. McClamma's out date is mid-October. <u>But</u> <u>for</u> the wrongful application of the law by the Respondent, McClamma would have been eligible for halfway house or home confinement this past May.

Sanctions against the lawyer will not help. McClamma is entitled to meaningful relief - that can only be gained through entry of a default.

C. McClamma is aware that the entry of a default is not an automatic ticket home. His release is not "instanter." But by asking for a judgment on the pleadings, McClamma asks this court to review his verified complaint and all of the exhibits. These are the very same exhibits the Respondent had when he denied McClamma his release. Nothing has been added. The Motion for Judgment on the Pleadings does not require this court to overrule any state law. It does not rquire this court to review McClamma's state sentence. It does not require this court to hold an evidentiary hearing. It does require the court to review the documents sent to the Respondent (BOP) by the State of Florida and see for itself that on their face and between their four corners they are insufficient as a matter of law to support the denial of McClamma's relief from the Respondent.

These documents simply do not constitute a basis for a lawful detainer - all of which is briefed and argued in McClamma's verified Petition and accompanying exhibits and won't be repeated here.

Lastly, this matter may be resolved even if the so called detainer documents were otherwise sufficient by referring to the **Interstate Agreement on Detainers,** which has been adopted by the State of Florida. That **Agreement** does NOT say it applies only to pending, unplead indictments, informations and complaints **and whatever the Bureau of Prisons decides in its unauthorized rules and program statements it wants.**

We have already established that the so called detainer rests on a **Commitment** from the State of Florida stating McClamma has been "sentenced" when, in fact, the record before the Bureau of Prisons shows he has not. But he has plead and has NO speedy trial issues.

Now, please take a look at the **Response to Request for Administrative Remedy** signed by Respondent Middlebrooks on May 13, 2005 and a part of the record here. He says commencing in the middle of the second paragraph:

> Program Statement 5280.08, Furloughs, provides that the Warden may not ordinarily grant a furlough to an inmate with a detainer. Program Statement 7310.04, CCC Utilization and Transfer Procedures, provides that inmates with unresolved pending charges or detainers which will likely lead to arrest, conviction or confinement shall not ordinarily participate in CCC or home confinement programs. (emphasis supplied)

We have already established that the ambiguity in the documents sent the BOP by Florida denies grounds to support a detainer. We have also established that McClamma has NO unresolved pending charges. If there is not a detainer and the **Interstate Agreement** doesn't fit here, then it seems that Respondent's only concern must be that the State of Florida

is going to intentionally interfere with a lawful sentence of a United States court - and make no mistake about it, by statute and court ruling, time spent in a halfway house or in home confinement constitutes a portion of an inmates "term of imprisonment." Any inmate serving such runs the risk that he may violate a state law and be arrested - but this ruling singles out, without good reason, McClamma and others so situated and uses this specious reasoning to deny him equal justice. The reasoning of the Respondent above cited is so illogical as to make rebuttal difficult. Suffice it to say, the records in this case clearly show McClamma's State sentence is consecutive to his federal sentence. The State has no authority to detain McClamma on this sentence until his federal sentencce is complete. It is absolutely silly to suppose that an agent of the State of Florida Department of Corrections is lurking around the corner to take McClamma into unlawful custody.

### SUMMARY

Congress, not court rule or order, establishes the time to respond to an Order to Show Cause in a case of habeus corpus. That time is 3 days, with a 20 day extension for good cause. In this case the court has granted 52 days, substantially more than would have even been available to file a reply brief in an appeal. The order extending, without regard to "good cause", is contrary to law and must be set aside and vacated.

The only fair remedy for Respondent's failure to timely reply is to enter a default against the Respondent. Overwork or any other complaint is nothing more than an unacceptable excuse. The court has taken McClamma's civil rights and now the Respondent seeks to take his human rights.

Petitioner would not suggest that the Respondent is engaged in "procrastination and trifling with the writ." Petitioner is hesitant to suggest that it may just be ignorance. But whatever it is labeled, if allowed to continue it will deny to Petitioner that to which he is entitled - a speedy, just determination.

Once having entered a default, the court may then proceed to consider the verified Petition and accompanying exhibits and grant the Petitioner a Judgment on the Pleadings.

**Black's Law Dictionary, Eighth Edition** defines Judgment on the Pleadings as:

> A judgment based soley on the allegations and information contained in the pleadings and not on any outside matter.

The default is not, in and of itself, a ticket home - an instanter release, but the authorities are clear that, upon reviewing all of the "case" the Petitioner can be granted his desired relief.

McClamma respectfully asks this Honorable Court to set aside and vacate its Order of June 15, 2005 extending Respondent's time to reply to the Order to Show Cause, enter a default against the Respondent and, after considering the verified petition and exhibits filed herein, grant McClamma's Motion for Judment on the Pleadings and grant his requested relief as set forth in the prayer contained in the verified petition.

                                                        HAL S. MCCLAMMA, In Proper Person
Petitioner/Movant

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Motion has been deposited in the Inmate Mail System with sufficient postage and addressed to the United States Attorney, One Court Square, Suite 201, Montgomery, AL 36104, this 20 day of June 2005.

HAL S. MCCLAMMA, In Proper Person
Federal Prison Camp Montgomery
Montgomery, AL 36112

Petitioner/Movant
11386-017