IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JUN 29 A 4: 26

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

HAL S. MCCLAMMA, JR.,
    Petitioner,

vs.    CIVIL ACTION NO.: 2:05-CV-482-T

SCOTT A. MIDDLEBROOKS, et al.,
    Respondents.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OBJECTION TO ORDER OF MAGISTRATE EXTENDING RESPONDENT'S
TIME TO REPLY TO PETITION FOR HABEUS CORPUS - § 2241**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

    This is a petition brought under the provisions of **28 USC § 2241**, **et seq.** asserting the acts of the Respondent (BOP) in denying Petitioner a furlough, halfway house or home confinement are contrary to law.

    This Objection is filed under the provisions of **Rule 72 (a) of the Federal Rules of Civil Procedure** and is addressed to a non-dispositive order of the Magistrate Judge dated the 15th of June, 2005.

    The Objection is that the Magistrate Judge's Order extending the time for Respondent's Reply to the Order to Show Cause issued on the 24th of May, 2005 is contrary to law as being an extension not permitted by **Title 28 USC § 2243** as well as being ex-parte without notice to or an opportunity to be heard afforded the Petitioner.

    1. On the question of an ex-parte ruling, the Petitioner filed on June 20, 2005 an Affidavit that speaks for itself and is in the court file.

    2. On the question of the extension of time being contrary to law, **§ 2243**, supra clearly requires a return to a **§ 2241** Petition within 3 days unless **for good cause** additional time, **not exceeding twenty days is allowed.**

On the 24th day of May, 2005, the Magistrate Judge entered an ex-parte Order to Show Cause directed to the Respondents giving them 20 days to respond. **Section 2243** allowed 3 days without good cause shown but Petitioner did not object.

Then on the 15th day of June, twenty two days later, the Magistrate Judge entered another Order ex parte as to the Petitioner granting Respondents 30 additional days to respond. (See Affidavit of June 20 as to lack of notice to Petitioner)

By actual calendar count Respondent has now been given 52 days in which to respond.

Petitioner would suggest that the real issue is not the ex-parte nature of this matter to date but that under **§ 2243**, with or without notice to Petitioner, the Respondent cannot, as a matter of law, be given more than 23 days to respond. This is fully explored in a Motion to Vacate filed in this case and addressed to the Magistrate Judge, dated June 20, 2005. The argument set forth in that Motion, which need not be repeated at length here, is that the rules for responding to the "Great Writ" are designed specifically to "remedy procrastination and trifling with the writ." **Rule 1** requires a "...just, speedy and inexpensive determination of every action." "If the writ of habeas corpus is not to be reduced to a sham, both the court and the respondent must act without unnecessary delay."

Petitioner filed a Motion to Expedite which was denied on May 24th. That motion and all of the pleadings clearly assert the need for expedience in this matter. <u>But for</u> the illegal acts of the Respondent MIddlebrooks, Petitioner would have been with or near his wife in May just past. A delayed ruling, even if favorable, is to deny effective relief to this Petitioner.

And while the order objected to is not technically dispositive, it, in actual fact, is going to be dispositive if allowed to stand because Petitioner's "out date" in any case is October next.

Out of an abundance of caution, Petitioner has filed a motion with the Magistrate for leave to file a Motion to Vacate, a Motion for Default and a Motion for Judgment on the Pleadings. These proposed motions were mailed to the Clerk on June 20th and should be available to this district court judge and Petitioner will rely on the arguments contained therein.

This objection being timely filed, the district court judge to whom this case is assigned is respectfully requested to find the extension of time granted to the Respondent by the Magistrate Judge is contrary to law and vacate or order the order vacated. The court is further requested to grant Petitioner's Motion for Default and Motion for Judgment on the Pleadings.

Respectfully submitted,

_____
HAL S. MCCLAMMA, JR. In Proper Person
Petitioner/Movant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion has been deposited in the Inmate Mail System with sufficient postage and addressed to the United States Attorney, One Court Square, Suite 201, Montgomery, AL 36104, this __26th__ day of June, 2005.

_____
HAL S. MCCLAMMA, JR. In Proper Person
11386-017
Federal Prison Camp Montgomery
Montgomery, AL 36112

Petitioner/Movant