IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA   RECEIVED
NORTHERN DIVISION

2005 JUL -1  P 12:54

HAL S. MCCLAMMA, JR.,
      Petitioner,

vs.                    CIVIL ACTION NO.: 2:05-CV-482-T

SCOTT A. MIDDLEBROOKS, et al.,
      Respondents.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

OBJECTION MADE TO DISTRICT JUDGE FROM ORDER OF MAGISTRATE
DENYING PETITIONER'S MOTION TO VACATE

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

      This case is a petition brought under the provisions of **28 USC § 2241, et seq.** asserting acts of the respondent (BOP) in denying Petitioner a furlough, halfway house or home confinement are contrary to law.

      McClamma is the Petitioner/Movant, is a prisoner without access the internet or electronic filing and has no access to the court file.

      Middlebrooks (Bureau of Prisons) and the Attorney General are Respondents.

      This objection is filed under the provisions of **Rule 72, Federal Rules of Civil Procedure, Part (a)** as to non-dispositive motions and **Part (b)** as to dispositive motions.

      This objection is specifically directed to the Orders of the Magistrate Judge dated June 15, 2005 granting Middlebrooks until and including July 14th to file a response to McClamma's Petition and dated June 27th denying McClamma's motion to set aside or vacate the June 15th order.

      The sequence of events pertinent here are:

1. McClamma filed a "2241" petition on or around May 20, 2005.

2. The magistrate judge filed an order to show cause dated May 24, 2005, directing Middlebrooks to respond within 20 days of service on the United States Attorney. McClamma did not object.

3. On June 15th, the Magistrate granted Middlebrooks an extension from June 14th until and including July 14th to respond, "for good cause."

4. On June 20th, McClamma filed a motion with the Magistrate for Leave to File certain motions.

5. Those certain proposed motions were attached to the Motion for Leave, were also dated June 20th and asked the Magistrate to vacate his June 15th order granting Middlebrooks a total of fifty two (52) days to respond, asked for a default and asked for a judgment on the pleadings.

6. The total time now made available to Middlebrooks to reply to McClamma's Petition for Writ of Habeas Corpus is fifty two (52) days.

7. On June 26th, McClamma filed an objection with the District Judge addressed to the Magistrate's June 15th order. This filing was to protect McClamma's rights under **Rule 72.**

In support of this Objection McClamma would show:

a. The Order of June 15th asserts it is GRANTED "for good cause,..." Each of the motions dated June 27th denying McClamma's June 20th Motion (Court Doc. No. 11) assert they are DENIED "for good cause,..."

**Black's** defines "good cause" as a legally sufficient reason. **Blacks' Law Dictionary, Eighth Edition.**

**Webster's** defines "shown" as the past participle of "show" whose synonyms are "evince," "manifest," "evidence," demonstrate." **Webster's Third New International.**

None of the record available to McClamma has "shown" any "reason" for the "good cause." It is difficult to argue with a bare assertion by a judge that "good cause" is shown.

b. McClamma would assert that **Title 28 USC § 2243's** time constraints cannot be cured by "good cause" or any other kind of cause. 52 days is contrary to law - period!

c. **§ 2243** requires a return to a **§ 2241** petition to be made within three (3( days unless for good cause additional time, **not exceeding twenty days is allowed.**

d. McClamma's motions of June 20 (Court Doc. No. 11) and his Objection served on June 26th more fully set forth McClamma's position and will not be reargued here. The District Judge is respectfully referred to the court file.

It is urged that any time to respond beyond twenty three (23) days is contrary to law and the orders of the Magistrate Judge must be reversed. McClamma is entitled to a default as to Middlebrooks and to the entry of a judgment on the pleadings.

_____
HAL MCCLAMMA 11386-017
In Proper Person

**CERTIFICATE OF SERVICE**

I certify that a copy of this Objection has been deposited in the Inmate Mail System with sufficient postage and addressed to the United States Attorney, One Court Square, Suite 201, Montgomery, AL 36104 this 30 day of June, 2005.

_____
HAL MCCLAMMA 11386-017
In Proper Person
Federal Prison Camp Montgomery
Montgomery, AL 36112

**Petitioner/Objector**