IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAL S. MCCLAMMA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.: 2:05-cv-482-T |
| ) | |
| SCOTT MIDDLEBROOKS, ) | |
| ) | |
| Respondent. ) | |

**RESPONSE TO PETITION FILED PURSUANT TO TITLE 28,
UNITED STATES CODE, SECTION 2241**

Comes now the Respondent, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to the Court's Orders, responds to the petition filed pursuant to 28 U.S.C. § 2241.

*I.   PETITION*

Petitioner has filed a pro se habeas petition pursuant to 28 U.S.C. § 2241 concerning the BOP's refusal to re-designate him to a halfway house or to home confinement for the last 10% or 6 months of his term of imprisonment. As Petitioner is proceeding pro se in this action his, "pleadings and motions will be held to less stringent standards than formal pleadings drafted by lawyers." Byrd v. Stewart, 811 F.2d 554, 555 (11th Cir.1987); Fernandez v. United States 941 F.2d 1488, 1491 (C.A. 11 (Fla.),1991).

## II.   PARTIES

### Petitioner

Petitioner, Hal S. McClamma, Jr. federal register number 11386-017, is presently incarcerated at the Federal Prison Camp in Montgomery, Alabama (FCI Montgomery). **Attachment 1, at 1.** He is currently serving a 43 month sentence with 5 years supervised release for Making a False Statement to a Financial Institution in violation of 18 U.S.C. § 1014. **Attachment 1, at 3.** He has a projected release date of October 21, 2005, via good conduct time release. **Attachment 1, at 5.**[1] His pre-release preparation date is June 30, 2005.

### Respondent

Petitioner has named Scott Middlebrooks, Warden, FPC Montgomery as the respondent in this matter. The proper respondent in federal habeas cases is the custodian of the institution having custody of the petitioner. See 28 U.S.C. § 2243; Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). The Warden is the appropriate respondent.

## III.   *SUBJECT MATTER JURISDICTION*

Petitioner brings this action pursuant to 28 U.S.C. § 2241. Section 2241 provides an avenue of relief for inmates who allege violations of federal law which make the place, condition, or duration of confinement illegal through a petition for writ of habeas corpus.

---

[1] McClamma is a retired judge. After retirement, he took money from his client while in private practice.

Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). Thus, the court has subject matter jurisdiction.

## IV.   VENUE

Venue in a Habeas Corpus action is governed by 28 U.S.C. § 2241, which states that a petition for a writ of habeas corpus shall be filed with the district court of the district in which the petitioner is detained. A writ of habeas corpus does not act upon the prisoner who seeks the relief but upon the person who holds him in what is alleged to be unlawful custody. Hajduk v. United States, 764 F.2d 795 (11th Cir. 1985). Since the petitioner is incarcerated in the Montgomery, Alabama, venue is appropriate.

## V.   COMPLAINT

The petitioner's sole argument in this case is that the he has been held beyond his pre-release preparation date to a half way house based on an alleged invalid Florida state detainer. Basically, the petitioner claims a state detainer for untried charges should not 'trump' a federal statute that entitles him to early release from federal prison. See Complaint, at 4. He further claims the detainer is insufficient on its face, because detainers are placed for untried charges and he a plea. Complaint at 7. Regarding the exhaustion of administrative remedies, the petitioner claims he should be excused from this requirement for several reasons, including filing would be futile, the available remedy provides not genuine opportunity for relief, and he has raised a substantial constitutional question. Complaint at 10.

## VI.   FACTS

As the above facts indicate, the petitioner will be released from the BOP on October 21, 2005.  However, the petitioner is scheduled to serve a three year sentence in the Florida Department of Corrections.  The petitioner was sentenced in the State of Florida in State of Florida v. Hal S. MCCLAMMA, Case No. R2000-2790A, on the charge of Grand Theft on September 20, 2000, to a three year term of incarceration, to be served consecutive to his federal sentence.  **Attachment 2** - Judgement in State Case, R-2000-2790-A, and **Attachment 3 -** Order of Probation/Community Control/Drug Offender Probation (Probation Order).  The documents indicate the petitioner entered a plea of nolo contendere to the charge.  Attachment 3.  A detainer was placed on the petitioner on October 30, 2002.  **Attachment 4.**

a)   State Challenge Upheld

The petitioner filed an appeal in state court challenging his pending commitment and requesting the withdrawal of the detainer.  The petitioner's appeal was denied on April 13, 2005.  **Attachment 5 -** State of Florida v. Hal MCCLAMMA, R-2000-2790, Court Order Denying Defendant's Motion To Withdraw Commitment and Detainer and Restore R.O.R., dated April 13, 2005.  The case is currently pending appeal in the First Circuit Court of Appeals in Florida; case no. 1-D-05-2505.  Thus, at this time, the conviction and detainer are valid.

b)   <u>Administrative Remedies</u>

The petitioner has not exhausted his administrative remedies in this case. **Attachment 7,** Declarations of Terry Collins. On May 13, 2005, the petitioner filed a Request for Administrative Remedy No. 375389-F1, at the institution, challenging the denial of a temporary 14 day furlough to be with his wife during her recuperation from surgery. The Institution Remedy was denied on May 13, 2005. He has not filed any additional administrative remedies.

## VII. *BOP POLICY*

Program Statement Community Corrections Center (CCC) Utilization and Transfer Procedures, 7310.04 (PS 7310.04) **Attachment 6** (relevant sections), sets clear guidelines on eligibility for Community Corrections (halfway house) placement:

> Section 10.  <u>Limitations on Eligibility For All CCC Referrals</u>.  Inmates in the following categories shall not ordinarily participate in CCC programs:
>
> f.   Inmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or **confinement**.

emphasis added. **Attachement 8,** Declaration of Cheryl Dennings, Community Corrections Regional Administrator. Thus, clearly based on BOP policy, the petitioner detainer prevents inmates from being released to Community Corrections Centers. The reasons are obvious. Inmates leave the halfway house every day to work or to look for employment. The opportunity to not return, hence not go to state prison is limitless. <u>Id.</u>

Additionally, inmates could inadvertently be arrested on the detainer, and sent to state custody without completing the federal sentence. Id.

## VIII. LAW AND ANALYSIS

    a)    <u>Petitioner Failed To Exhaust His Administrative Remedies</u>

The Supreme Court has made clear the filing by an inmate of an action in federal district court before completing the administrative remedy process violates the mandatory exhaustion requirement contained in 42 U.S.C. §1997e(a), and requires the action to be dismissed. In <u>Booth v. Churner</u>, 532 U.S. 731 (2001), a unanimous Supreme Court held that Congress mandated completion of any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief, "irrespective of the forms of relief sought and offered through administrative avenues." <u>Id.</u> at 741 n. 6 . Significantly, the Court closed the door on any potential arguments by inmates urging the futility of exhausting administrative remedies: "[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." <u>Id.</u> In <u>Porter v. Nussle</u>, 534 U.S. 516 (2002), a unanimous Court again emphasized the mandatory nature of the Prison Litigation Reform Act (PLRA) exhaustion requirement, applying it broadly to "all inmate suits about prison life." <u>Id.</u> at 532. The Supreme Court stated, all 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Id.</u> at 524 (quoting <u>Booth v. Churner</u>, 532 U.S. at 740).

The Eleventh Circuit does mandate "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Skinner, at 1295. See also, Perez-Perez v. Hanberry, 781 F.2d 1477 (11th Cir. 1986). Exhaustion of administrative remedies by the BOP for resolution of inmate complaints is a jurisdictional prerequisite to filing suit, United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (Requirement that inmate seeking credit against sentence for time in custody must exhaust administrative remedies is jurisdictional); accord United States v. Herrera, 931 F.2d 761 (11th Cir 1991), cert. den. 503 US 972 (1992); United States v. Mitchell, 845 F.2d 951 (11th Cir 1988) (Exhaustion of administrative remedies is jurisdictional).

Even if Petitioner has past his presumptive release date, exhaustion of administrative remedies is required. Gonzales v. United States, 959 F.2d 211 (11th Cir. 1992). See also Irwin v. Hawk, 40 F.3d 347, 349 n. 2 (11th Cir.1994) (detailing the Bureau's administrative remedy procedures and requiring a prisoner to exhaust his claim administratively when seeking injunctive relief).

Even if the petitioner had a futility argument, it should not stand. The Supreme Court, long ago, explained that when exhaustion is a statutorily specified jurisdictional prerequisite, the requirement may not be dispensed with even if there is a judicial conclusion of futility. Weinberger v. Salfi, 422 U.S. 749, 766 (1975). "Exhaustion" under 42 U.S.C. §1997e is akin to "final decision" in Weinberger. See also, Irwin, Supra, 40 F.3d at 348 ("[when Congress clearly prescribes an administrative remedy, application

of the exhaustion requirement is not a matter of judicial discretion."); Underwood v. Wilson, 151 F.3d 292, 293-96 (5th Cir. 1988). The Supreme Court made clear in an unanimous decision: the PLRA's exhaustion requirement applies **to all suits** about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive use of force or some other wrong." Porter, Supra, 534 U.S. at 532.

By choosing to bring this Complaint without exhausting the administrative remedies available, the petitioner has "sought relief he is not entitled to–that is, federal court intervention in prison affairs prior to the prison having an opportunity to address the complaint within its grievance procedures." Underwood, Supra, 151 F.3d at 296. If .[2]

  b)  Denial of Release To Halfway House Based on Federal Detainer is Appropriate

The petitioner makes several arguments why his detainer on a valid state conviction should not be recognized. Unfortunately, his arguments are unavailing. Basically, the filing of a "detainer" is an informal process advising prison officials that the prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release. Orozco v. U.S.I.N.S., 911 F.2d 539, 541, n. 2 (11th Cir. 1990); U.S. v. Shahryar, 719 F.2d 1522, 1524 n. 3 (11th Cir. 1983). Yet detainers may appropriately

---

[2] Even if an inmate exhausts administrative remedies after a complaint is filed, that may not save a case from dismissal. See Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (to allow post-filing exhaustion would undermine the exhaustion requirement and contravene the plain language of act); Jackson v. District of Columbia, 254 F.3d 262, 268-69 (D.C. Cir. 2001) (affirming rejection of the argument that (section 1997(a) "permits suit to be filed so long as administrative remedies are exhausted before trial.")

prevent an inmate from being released on furloughs and other community programs. Rinaldi v. U.S., 484 F.Supp. 916 (S.D.N.Y. 1977)(furlough denied because of INS detainer did not deny due process.); Bracey v. State of Tennessee, 616 F.2d 268 (6th Cir. 1980) (Alabama detainer prevents prisoner from achieving work release status). Jackson v. U.S.B.O.P., 765 F.2d 145 (6th Cir. 1985)(federal court has no authority to order Warden to ignore detainer.); Isaraphanich v. Coughlin, 716 F.Supp. 119 (S.D.N.Y. 1989)(alien inmate with outstanding deportation detainer was properly denied participation in "family reunion" program. Purpose of detainer was to prevent inmate from absconding prior to release.); Franklin v. Barry, 909 F.Supp. 21 (D.D.C. 1995) (Denial of minimum custody transfer because of INS detainer upheld. Policy was based on the ground that persons against whom detainers had been lodged posed a greater risk of flight because of the pendency of additional criminal or administrative proceedings). Stevens v. Heard, 674 F.2d 320 (5th Cir. 1982)(detainer properly considered in determining eligibility for trusty or work release status.)

Clearly any challenge to the conviction and lawful detainer must be taken up with the state courts. The petitioner has done so and lost. The BOP is obligated to ensure the petitioner is available for transfer to serve his valid state sentence.

    c)    <u>Inmates Have No Right To Placement In Community Corrections Center</u>

It is well-established that a prisoner does not possess a protected liberty interest in serving his term of imprisonment in a particular institution or program, whether it be a

custody facility or a Community Corrections Center.  See Meachum v. Fano, 427 U.S. 215, 225 (1976)  It is well established that federal prisoners do not have a protected liberty interest in community corrections placement, and that BOP has complete and absolute discretion in determining halfway house placement.  See, e.g., Pugliese v. Nelson, 617 F.2d 916, 923–25 (2nd Cir. 1980);  U.S. v. Laughlin, 933 F.2d 786 (9th Cir. 1991); U.S. v. Jalili, 925 F.2d 889 (6th Cir. 1991).  Courts have long recognized that the authority to incarcerate, classify and transfer federal prisoners falls within the broad discretion of the BOP, and indeed a Court lacks the authority to order that a prisoner be confined in any particular institution. "[T]hose decisions are within the sole discretion of the Bureau of Prisons."  U.S. v. Williams, 65 F.3d 301, 307 (2d Cir. 1995); see also, U.S. v. Restropo, 999 F.2d 640, 645 (2nd Cir. 1993) ("The Bureau is given a great deal of flexibility with respect to the assignment of any prisoner to a correctional facility."); Leibowitz v. United States, 729 F. Supp. 556, 561 (E.D. Mich 1989) ("The Bureau of Prisons enjoys almost absolute discretion over assignment, transfer, and conditions of confinement."), aff'd, 914 F.2d 256 (6th Cir. 1990).

## IX.   RECOMMENDATION

For the reasons indicated above, Petitioner's Complaint and Motion are due to be and should be denied.

Respectfully submitted this 14th day of July, 2005.

>LEURA G. CANARY
>United States Attorney
>
>By:   s/R. Randolph Neeley
>R. Randolph Neeley
>Assistant United States Attorney
>Bar Number: #9083-E56R
>Attorney for Defendant
>United States Attorney's Office
>Post Office Box 197
>Montgomery, AL  36101-0197
>Telephone: (334) 223-7280
>Facsimile:  (334) 223-7418
>E-mail:  rand.neeley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

>Hal S. McClamma
>Reg. No.: # 11386-017
>Federal Prison Camp
>Maxwell AFB
>Montgomery, AL  36112

>s/R. Randolph Neeley
>R. Randolph Neeley
>Assistant United States Attorney
>Post Office Box 197
>Montgomery, AL 36101-0197
>Telephone: (334) 223-7280
>Facsimile: (334) 223-7418
>E-Mail: rand.neeley@usdoj.gov
>Bar Number: #9083-E56R