Attachment 5

IN THE CIRCUIT COURT
OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

STATE OF FLORIDA,

vs.

CASE NO. R-2000-CF-2790
SPIN NO. 134222

HAL McCLAMMA,
Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW COMMITMENT AND DETAINER AND RESTORE R.O.R.

This cause came before the Court upon the defendant's motion and memorandum filed March 21, 2005 and the addendum to the memorandum filed April 4, 2005, wherein he challenges his pending commitment to the Department of Corrections (DOC) by claiming his sentence is not final because no amount of restitution has been ordered. The Court having considered the motion and reviewed the court file, as well as being otherwise fully advised hereby finds as follows:

On September 20, 2002, the defendant was sentenced to three (3) years incarceration to be followed by twelve (12) years probation after pleading no contest to one count of grand theft (over $20,000 less than $100,000). The sentence was ordered to run consecutively to the defendant's federal sentence. Restitution was ordered to the victim but the Court reserved jurisdiction to enter the total amount.

First, the defendant's sentence is complete because the Court properly reserved jurisdiction as to the amount of restitution. See L.O. v. State, 718 So. 2d 155 (Fla. 1998). Therefore, because there was a specific reference and reservation of jurisdiction as to restitution made at sentencing, the defendant's sentence is final and his commitment to the DOC is not premature. Grice v. State, 528 So. 2d 1347 (Fla. 1st DCA 1988). Even if the Court improperly reserved jurisdiction or completely

failed to order restitution at any time, the defendant's sentence would still be final with respect to his commitment to the DOC. Accordingly, this Court retains jurisdiction in this cause only with respect to the amount of restitution to be ordered. The Court does not have jurisdiction to modify the defendant's sentence as requested as more than sixty (60) days have elapsed since the judgment and sentence was imposed. See Fla. R. Crim. P. 3.800(c). Furthermore, failure to impose restitution does not render a sentence illegal within the meaning of Rule 3.800(a), Florida Rules of Criminal Procedure. McLemore v. State, 638 So. 2d 610 (Fla. 1st DCA 1994).

The defendant's claim concerning Blakely v. Washington (2004) is wholly without merit. Blakely has not been held to apply retroactively. McBride v. State, 884 So. 2d 476 (Fla. 2004). Even if Blakely was applicable, the defendant still would not be entitled to any relief as the sentence imposed does not exceed the statutory maximum for his second degree felony offense of grand theft which is punishable by up tp fifteen (15) years in prison.

The claim raised in the addendum concerning enhancement of the federal sentence based on similar conduct that was charged in the instant State case is not properly raised with this Court. The claim is based on the United States Sentencing Guidelines and federal law which are not binding on this Court.

IT IS THEREFORE

ORDERED AND ADJUDGED that Defendant's Motion to Withdraw Commitment and Detainer and Restore R.O.R. is hereby DENIED. Defendant has thirty (30) days from the rendition of this order in which to file an appeal.

DONE AND ORDERED in Chambers at Tallahassee, Leon County, Florida this 13th day of April, 2005.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Richard O. Watson
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　RICHARD O. WATSON
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CIRCUIT JUDGE

copies furnished to:

Hal McClamma (11386-017)
Federal Prison Camp
Montgomery, AL 36112

Neill Wade, Assistant State Attorney