IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

HAL S. MCCLAMMA, JR.,
    Petitioner,

vs.

CIVIL ACTION NO.: 2:05-CV-482-T

SCOTT A. MIDDLEBROOKS, et al.,
    Respondents.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### RESPONSE TO RESPONDENT'S ANSWER - §2241 PETITION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

This is a Response to the Answer (Return) filed July 14, 2005 by Respondents. This Response is permitted by the Order of the Magistrate dated July 15, 2005.

Petitioner McClamma filed his Petition for habeas corpus relief on or about May 20, 2005, 52 days before Respondent's Answer was filed.

McClamma's Response is a follows:

1. <u>Preliminary concerns</u>: McClamma would assert that all matters necessary for the court's resolution of this question are contained in or attached to the original Petition, attachments, Motion for Default and the Respondent's Answer with attachments and that no oral argument or evidentiary hearing is required.

2. <u>Default</u>: **28 USC 2243** sets a statutory deadline of 3 days to return a §2241 petition, unless for good cause additional time, not exceeding <u>twenty days</u> is allowed. There is absolutely no provision for further extension <u>with or without</u> good cause. For the record, McClamma takes continuing exception to the denial of his request for default by the Magistrate and

District Judge.

3. <u>Rebuttal and response</u>: The Respondent's Answer (Return) is well reasoned and well written but wrong. It is based on the false premise that the so-called detainer filed with the BOP is, in fact, a detainer. It is not!

It is not McClamma's intention to merely repeat the allegations of his Petition but there are a few matters that need rebuttal and a response to certain Attachments.

4. <u>Exhaustion of Administrative Remedy:</u> Exhaustion is not jurisdictional. There is no statutory exhaustion requirement in §2241 proceedings. Respondent's Attachment 8 shows the utter futility further efforts by McClamma would bring. Cheryl R. Denning, the Regional Community Corrections Director cites a Program Statement and the denial of McClamma's request as "clearly based on BOP policy,..." and adds "I have never seen an inmate with a detainer released to a Community Corrections Center." If this doesn't "exhaust" the Regional level, what would?

As to exhaustion at the national level, for McClamma to prevail some civil service functionary would have to say the Unit Team is wrong, the Warden is wrong, the region is wrong and our long standing misinterpretation of the law of detainer as expressed in our Program Statements is wrong. McClamma can think of no leap of faith that would have this result.

5. <u>This is not a detainer</u>: In the final analysis, it matters not whether the underlying State case is "complete" or "incomplete." This court is not being asked to substitute its judgment for that of the State court[1]. There is no disagreement that the State charge forms the basis for this so-called detainer. But, likewise, there is nothing in the record that would contradict McClamma's assertion that his State case is NOT a "pending,

...untried indictment, information or complaint."

The ONLY statutory provision covering detainers is found in the **Interstate Agreement on Detainers, 18 USC App 2.** This is a congressional interstate pre-emption of the field of detainers. States may adopt the **Agreement** and Florida has (F.S. 941.45 - 941.50) as has Alabama (Ala.Code 1975, §15-9-81). The **Agreement** is a pre-trial "speedy trial" enactment and applies <u>only</u> to "pending,...untried indictments, informations or complaints."

How can the BOP take this and build so much prejudice against an inmate's Program?

What has been filed against McClamma may be labeled a detainer but it certainly is not a detainer. It can be construed to be, at most, a request to be notified when McClamma's federal sentence is at end. This can be done just as effectively if McClamma is in a CCC or home confinement.

As to Ms. Denning's statement (Attachment 8) that the denial of McClamma's request was "clearly based on BOP policy," a recent case dealing with good time credit might be appropriately cited here:

> True, the Bureau has consistently adhered to its view
> of good time credit over the years, but faithful
> misinterpretation of a statute over time does not alter
> its original meaning.
> **Moreland v. Federal B.O.P.**, 363 F.Supp.2d 882,892 (S.D.Tex. 2005)

---

[1] Attachment 5 is an order of the State court. It states "the defendant's sentence is complete..." and cites 3 cases as authority for that proposition - **L.O. v. State**, 718 So.2d 155 (Fla. 1998), **Grice v. State**, 528 So.2d 1347 (Fla 1st DCA 1988), and **McLemore v. State**, 638 So.2d 610 (Fla. 1st DCA 1994). Not one of these cases supports the position that McClamma's sentence is complete. These cases, in fact, say that similar cases are not complete but if a proper reservation of jurisdiction is made under **Rule 3.800**, it is not too late to assess restitution.

The same thing holds true with a long standing misinterpretation of the law of detainer.

6. <u>Risk of Release to a CCC</u>: In Attachment 8, Ms. Denning expresses concern that an imate with a detainer may commit some act while at a CCC that would cause his re-arrest or that the State might "inadvertently" arrest him on the detainer and send him to State custody in defiance of his federal sentence.

Why would a non-detainer CCC inmate not face the same risk of arrest for some offense that would interfere with the completion of his federal term of imprisonment?  Surely that has happened. And are we to visualize the State prison people hiding around the corner to "inadvertently" arrest some federal inmate at a halfway house?

This is unfortunately a typical reaction by the BOP to support a mindless, long-standing misrepresentation of applicable law.

7. <u>Inmates have no right to placement in a CCC</u>: Inmates have the right to be treated the same as other inmates similarly situated. The record shows that the <u>only</u> reason for the BOP's denial of McClamma's request for placement was the so-called detainer.

Whatever was filed against McClamma and whatever it was labeled it was not a detainer - at most it is a request for notice of release. Thus, if the detainer vanishes, the reason for the denial vanishes and McClamma is entitled to the same treatment every other "community custody" inmate with an exemplary work and conduct record is entitled to in the last 10% of his term of imprisonment.

This court must be on notice that if it has the courage to rule

on this Petition, the entire house of cards built on a long standing misinterpretation of the meaning and use of "detainers" crumbles. That is not a problem for this court but for Congress or State legislatures.

McClamma respectfully asks this court to find the so-called detainer invalid and without force or effect to affect his Program and that inasmuch as the record before this court reflects no other reason to deny his request for redesignation to a CCC or home confinement, the Respondents be ordered to immediately process his request. Time is of the essence.

                                    _____
                                    HAL S. MCCLAMMA, JR. In Proper Person

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this Response has been deposited in the Inmate Mail System with sufficient postage and addressed to the United States Attorney, c/o R. Randolph Neeley, P.O. Box 197, Montgomery, AL 36101, this 21st day of July, 2005.

                                    _____
                                    HAL S. MCCLAMMA, JR. 11386-017
                                    Federal Prison Camp Montgomery
                                    Montgomery, AL 36112

                                    Petitioner