IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAL S. McCLAMMA, JR., ) | |
| ) | |
|    Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-cv-482-MHT |
| ) | (WO) |
| SCOTT A. MIDDLEBROOKS, *et al.*, ) | |
| ) | |
|    Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case was commenced by a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Hal S. McClamma ("McClamma"), a federal inmate, on May 23, 2005. In this petition, McClamma seeks to compel the Bureau of Prisons to release him on furlough or to a halfway house or home confinement for service of the last six months of his prison term. Specifically, he requests that the court declare that a Florida detainer entered against him is void and he be allowed to serve of the last six months of his sentence at a halfway house or on home confinement.

At the time the petition was filed, McClamma was incarcerated at the Maxwell Federal Prison Camp located in Montgomery, Alabama. The Bureau of Prisons website maintains an inmate locator search function. That website indicates that McClamma was released from federal custody on October 21, 2005. *See* http://www.bop.gov.

On May 1, 2006, the court entered an order directing the parties to show cause why this application for habeas relief should not be dismissed as moot since McClamma has since

been released from federal custody. The court's order sent to petitioner was returned as undeliverable. Needless to say, McClamma has filed nothing in response to the May 1, 2006 order.

## DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very

much alive when the suit was filed." *Id*.

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the court determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted).

The petitioner's ultimate objective in filing this action was to be released to a halfway house or home detention for service of the last six months of his prison term. It is clear that, since the filing of his complaint, McClamma has been released from federal custody. *See* http://www.bop.gov. Because McClamma has been released from federal custody, there is no longer a case or controversy to litigate and this case is due to be dismissed as moot. *United States ex rel. Graham v. United States Parole Commission*, 732 F2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*citing Graham*).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant 28 U.S.C. § 2241 petition for habeas relief be dismissed as moot since a more favorable decision on the merits would not entitle the petitioner to any additional relief. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 24, 2006.** Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of May, 2006.

                                             /s/Charles S. Coody
                                             CHARLES S. COODY
                                             CHIEF UNITED STATES MAGISTRATE JUDGE